*199 OPINION of the Court, by
Judge Owsley.
Wallace, one of the plaintiffs in error, having been arrested under a ca. sa. and committed to the jail of Harrison county, did, together with the other plaintiffs in error, his securities, execute a bond to the defendant in error, as jailer, conditioned that he should not depart and go without the prison rules or bounds of the prison of Harrison county, until he should pay and satisfy the said jailer, or the plaintiff in the execution, the amount thereof, &c. or should be otherwise discharged by due course of law. Picket, the jailer, for the benefit of the plaintiff in the execution, brought suit upon the bond, alleging a departure from the prison rules before payment to either the jailer or the plaintiff in the execution, or other discharge by due course of law. Judgment was obtained against the plaintiffs in error, from which they have prosecuted this writ of error.
The main inquiry in this cause is as to the Validity of the bond. In making this inquiry it becomes necessary to decider-1 st, On the application of the act of 179& *200 concerning sheriffs, to bonds of this description; arid 2d, the effect of the act upon the present case ?
That act by its 10th section (1 Littell 584) declares an bonds taken by sheriffs, or his deputy, for or concern-'nS any matter relating to his office, otherwise than is provided by the act, except in any special case any. other obligation is or shall be by law particularly and expressly directed, shall be null and void. When this act was first adopted, there was no such an office as that, of jailer, unconnected with and independent of that of sberiff. The sheriff was then in legal estimation the jailer. He was responsible tor the jailer s acts, and his office necessarily involved the duties and responsibili-t'es jailer* A bond for keeping the prison rules, if then taken, should have been taken to the sheriff, and consequently subject to the act declaring bonds void if containing provisions repugnant thereto.
Since then, by the constitution and laws of this country, the office of jailer has assumed an independent attitude, not under the control of the sheriff, and exercised by a different officer. The rules and principles of law, however, which were applicable to, and governed the sheriff, whilst performing the duties of jailer, when it constituted part of his office, it is conceived should now be applied : with their full effect to the acts of jailers. Unless some rule of this description prevails, it would be difficult to find any law by which the conduct of jailers is regulated. For though the law has provided for their appointment, no act can be found regulating their various duties of office. That the act of 1796 applies to jailers, is further manifest from the decision of this court made in the case of Barns vs. Williams (vol. 2, p. 562). By that case it was adjudged that the statute providing for the assignment of bonds taken for the keeping of prison rules by sheriffs, though jailers are not expressly named, by a iiberal and equitable construction extends to them. We think, therefore, the act in question applies to jailers, and all bonds taken by them, contrary or repugnant to its provisions, are void.
It remains, then, to inquire as to the effect that act has en the present case. The bond in question not containing a condition expressly recognized by the act aforesaid, its validity must depend on the act concerning executions : for if the bond does not conform to that act, *201 by the provisions of the former.act it is void. The 26th section of that act(a) provides that “ if any person charged in execution shall enter into bond with good and sufficient security, upon condition he shall not depart or go out of the rules Or bounds of the prison to which he shall be committed, he shall be permitted,” See. By the condition of the bond in question the plaintiff Wallace was injoined not to depart or go without the prison rules or bounds until he paid the jailer or plaintiff in the execution, &c. Whether this condition is substantially and in effect conformable to the act un-. der which it was taken, seems to depend on the right of the jailer to receive the money from Wallace after he was committed to his custody : for if he by law was authorised to receive the money, 'Wallace would have had a right to his discharge at any time upon payment to him, and consequently the stipulation in the bond providing for the discharge of Wallace upon payment to the jailer, would be nothing more than the law would otherwise have implied. But if, however, the jailer had no right to receive the money, the Condition providing for such a receipt was not authorised by law, and consequently the bond would be void. We are aware of no law which authorises a jailer, in virtue of his office, to receive money which may be due from prisoners committed to his charge. That power seems exclusively to belong to the sheriff. It is the duty of the sheriff to arrest a defendant, when an execution is delivered to him for that purpose, and on the defendant’s failure to pay the amount due, commit him to the jailer. The jailer fs bound to receive the prisoner and dispose of him in. the manner provided by law. He has the care and cu&-tody of the prisoner ; but it is conceived he has no authority to collect the money due on the execution. If, then, the jailer has no authority by law to collect or receive money under an execution, it results the condition in the bond in question, providing for the payment-to the jailer, is not authorised bylaw, and the (joñd necessarily void.
Judgment reversed with costs. .

 1 Littell, 547.