Opinion of the court delivered by
Judge Peck.
Miller, the trustee of Stuart county, at May term 1822, on mo *114 tion to the county court, recovered judgment against Mallory, (and his securities,) as Sheriff and Collector of the taxes of Stuart county, for the taxes of 1820, collected by him and not accounted for.
Cook for the plaintiff in error.
W. L. Brown for the defendant.
The bond on which the motion was founded, was made payable to said Miller as trustee of the county of Stuart, when by the act of 1801, ch. 12, it should have been made payable to the Governor for the time being.
Several points arising upon the record were argued at the bar, but it is deemed unnecessary to notice them all, as the court is of opinion that the motion cannot be sustained on a bond made payable to the trustee, as this is. The act of 1803, ch. 3, provides, that sheriffs shall give a bond, conditioned to account for the public taxes. This act does not alter the act of 1801, but left the provision in that act as it stood before, as to the county taxes. This bond taken to the trustee, is not a sufficient bond to sustain a motion upon, as the provisions of the statute have not been complied with; though it is good at common law, and a suit brought in the common form may be prosecuted to judgment. (7 Mass. Rep. 98, 200: 3 Call, 425 : 2 Hawks’ Rep. 5, 366. (a)
Judgment reversed.

 Vide also, Martin vs. Thompson, 3 Bibb, 252: Governor vs. Witherspoon, 3 Hawks, 42: Wallace vs. Pickett, 3 Bibb, 199: Clap vs. Hayward, 15 Mass. Rep. 276: Burrow vs. Lowder, 8 Mass. 373: Smith vs. Stockbridge, 9 Mass. Rep. 221: 2 Murphey’s Rep. 40.