Judge Simpson
delivered tUe opinion of the Court
Joseph Case exhibited a bill in chancery in which he' alleges that he executed a note of eighteen dollars toFishback, as the surety of James A. Case, the note being, as he understood, for the price of a mare purchased by James A. Case from Fishback; that James A. Case never got the mare into his possession; that he believes she was taken by Fishback, after the sale, from the complainant’s farm where he had her at that time; that the note was executed for the price of the mare, and for no other consideration, and therefore, there was a total failure of the consideration for which it .was-, executed.
He also alleges in his bill, that a judgment at law had been obtained against him on the note, upon an appeal to the Circuit Court; that upon the trial of the ap< *41 peal, he relied, but without success, upon a set-off, which he again asserts in his bill; but not then having any knowledge of the failure of the consideration of the note, which fact he has since discovered, he did not set up, or rely upon it, as a matter of defence in the trial at law. He made Fishback and James A. Case defendants to his bill, and prayed for and obtained an injunction against the collection of the judgment at law. Fishback having filed a demurrer to the bill, it was sustained arid the bill dismissed. To that decree Joseph Case has prosecuted a writ of error.
Courts of equity alone prior to 1801 had jurisdiction to grant relief where there was a failure oí consideration, and since thatstatute, still have exclusive jurisdiction to grant relief where ifiefailure is ot?ly partial. Giving jurisdiction to courts of law wheie there was a failure of consideration, did not oust the Chancellor of his jurisdiction —it was still concurrent.
The equity relied upon by the complainant was two fold; a set-off, and a failure of consideration. The first was a purely legal defence, and was, moreover, destitute of all equity, having been set up and relied upon in the trial at law. But the latter presented matters affecting the equity of the demand, and was sufficient to require the interposition of the Chancellor, unless some reason existed which precluded him from extending his aid.
It is contended that the matters relied upon, constitute a good legal defence, and that a Court of equity has no jurisdiction to give any relief, upon the ground that the consideration of the contract has failed.
It is, however, a legal defence which did not exist at common law. The right to it was given by the statute of 1801, which authorizes a defendant to impeach tire consideration of a bond by special plea.
Before the passage of that act, the only remedy in a case like the present, was in a Court of equity. Upon the facts alleged, it would have been unjust and inequitable for the vender to demand the purchase money. If he made and persisted in such a demand, the Chancellor would have interfered and restrained its collection. The statute does not permit the defendant to rely upon a partial failure of consideration, and where such a case exists, the only remedy is still in equity.
Where courts of equity originally obtained and exercised jurisdiction, that jurisdiction is not overturned or impaired by courts of law' having subsequently granted *42 a remedy in similar cases. Where the power has been conferred upon the courts of law by legislative enactment, the uniform interpretation is, that it confers concurrent and not exclusive jurisdiction: (1 Story's Equity, sec. 80.)
Whaie Courts of law and equity have concurrent jurisdiction, the Chancellor is not deprived of his right to grant relief, unless the partyhas defended at law and failed.
Williams for plaintiff; Smiths for defendant.
If the defence is purely legal and the party neglects to defend, equity will not afford any relief. But when the courts of law and of equity have concurrent jurisdiction, the Chancellor will relieve, notwithstanding the defence might have been made at law : (3 Bibb, 200; 3 Bibb, 248; 2 J. J. Marshall, 139.)
The Courts, in this case, having concurrent jurisdiction, and the defence not having been made at law, it is not material whether the reason assigned by the complainant for having failed to make it in trial at law is satisfatory or not. The Court has jurisdiction, whether the failure to make a defence at law was or not occasioned by the want of necessary information for the purpose. And, surely, the fact alleged by the complainant, that he has made the discovery of the matters now relied upon since the trial at law, even if he might, byreasonable vigilance, have made it previously, does not diminish his claim upon the aid of the Chancellor.
The decree of the Court below, dismissing the complainant’s bill, absolutely, is erroneous, as James Case, who was a necessary party, was not served with process, even had it been right, which it was not, to sustain the demurrer for want of jurisdiction.
Wherefore, the decree is reversed and cause remanded, with directions to overrule the demurrer, and for further proceedings consistent with this opinion.