Judge Chehsbaw
delivered the opinion of the Court.
To enjoin a judgment recovered by the appellant against the appellee in the Jefferson Circuit Court for the sum of $700, besides interest and costs, the appel-lee filed his bill in the Louisville Chancery Court. An injunction was granted, and, upon trial, it was perpetuated.
The bill alleges an entire failure of the consideration of the note upon which the judgment was recovered. It appears that, on the 9th of January, 1850, the appellant sold to the appellee a negro boy for the sum of $700, payable sixty days thereafter; that a note was executed for the price, and a bill of sale for the boy executed.
Courts of equity have jurisdiction to relieve against notes, not only where there is a partial, but where there is an entire failure of eon sideration : U0 B. Monroe, 40.)
The consideration ofa contract “is the materia' cause of the con * tract, without which it will not be effectual or binding.” — “The reason which moves a contrac ting party to enter into the contract.” If it fail entirely, the Chancellor may telieve.
*179 The contract was made in Louisville, and in a different part of the city from that in which the boy was employed at the time. And the boy not being present, the proof shows that the appellee, before he executed the note, said to appellant, he would not sign the note, till he got possession of him; and that the appellee re. plied, “sign the note, and I will go and bring him immediately and deliver him to you;” whereupon the ap-pellee remarked, “ if you will go and bring him immediately, and deliver him into my possession, I will sign the note.” Appellant promised to do so, and the note was signed, and the bill of sale executed. The appellant left immediately, but did not return with the boy. A little after dark, the same evening, the appellee sent a messenger to the residence of the appellant to know why he had not delivered the boy, and the appellant gave as a reason, that he, appellant, had been taken sick, but said that he would deliver him the next morning. The negro, however, was never delivered ; and it turned out that, if he had not actually made his escape at the time the contract was made, he did so, shortly afterwards. From that day to the trial of the suit in the Court below, the boy had never been reclaimed, and the record does no,t show that he had ever been heard of.
The appellant offered a reward for the boy, still called him his boy, and when applied to for the note which had been given for the price, he said if he did not get and deliver him in a few days, he would surrender the note.
For an entire failure of consideration,, defence might have been made to the action at law;, but there is no doubt that Courts of Chancery have jurisdiction, not only where there has been a partial,, bat also, where there has been an entire failure of consideration, as was decided by this Court in the case of Case vs Fishback, (10 B. Mon. 40.)
The first enquiry is, has the consideration of the note failed ? And we respond, we think it has. Had noth *180 ing transpired between the parties at the time of the contract, but to sign and deliver the bill of sale on the part of the vendor, and the note on the part of the purchaser, it might, perhaps, be plausibly contended that the one constituted the consideration of the other; that there was nothing further to be done on either side, and that the contemplated delivery of the negro formed no part of the consideration of the note. But, when the note was about to be executed, said the appellee, «< I will not sign the note, till I get possession of the boysaid the appellant, “sign the note, and I will go and bring him immediately and deliver him to you;” said the appellee, “if you will go and bring him immediately, and deliver him into my possession, I will sign the note.” Does not this demonstrate that it was not the sale simply, nor the execution of the dill of sale for the absent negro, nor both combined, that moved the appellee to sign the no,te? Was not the motive which induced him to. do so, the contemplated immediate delivery of th© negro ? Certainly, no other conclusion can be drawp from the facts proved in the cause. And Tomlins, in his Law Dictionary,page 393, defines a consideration for a contract to be the “ material cause of the contract, without which it will not be effectual or binding;” he says further, that, “as to contracts, a consideration rna.y be defined to be the reason which moves a contracting party to enter info the contract.” Did not the appellee in this case expect an immediate delivery into his possession of the negro hoy, and did not this anticipated delivery move him to sign the note ? Was not this anticipated delivery of the boy, the substance, the essence of the contract on his part? Surely it was. And this delivery not .having been realized, there, has been, in our opinion, a substantial failure of the considei’ation of sayd note,
From the facts as, developed by the proof, we are inclined to the opinio®, that the negro had escaped, and was beyond the reach, qr control of the appellant a,t the |!me of the contr^Qf;;.-andTh^iftyag; then, out of his, *181 power to deliver him. If he had then actually fled, (and, if so, it was probably to a free State,) the thing for which the appellee contracted — the immediate delivery of the negro, was impracticable.
The contract be» ing to deliver personal property upon a sale thereof, the consideration fails if there be no delivery.
Can, or ought a Court of Chancery to withhold relief from'the appellee, when it is apparent, that the sum of $700 with interest and costs, is about to be coerced from him, when he has derived no more benefit from the contract than if the negro had been dead when the contract was made.
In the case above referred to, of Case vs Fishback, the facts were not so strong to show a failure of consideration, as those exhibited in the case under consideration; and there it appears to have been taken for granted that the consideration had failed, and the only question made, was as to the jurisdiction of a Court of Chancery.
But,no contract in truth was ever completed between the parties ; it was in fieri merely, and never consummated. The delivery of the negro, the essential part .of the contract, not being made, the agreement itself failed, the contemplated contract was frustraled, and immediately, upon his finding that the negro was gone, the appellant should have returned and surrendered the note, and received his bill of sale.
We do not intend to be understood as expressing the .opinion that no contract for personal property is good without delivery. The doctrine is well settled to the contrary-; but we mean to express the opinion that, in this case, the delivery being a part of the contract, the contract was incomplete without it.
A and B corpe to an agreement that A will give B $100 for his horse, then supposed to be in his stable, fifty yards off, A to execute his note payable in three months, and B to deliver the horse immediately. A writes and signs a note for the $100, and hands it to B, and B signs a bill of sale, and hands it to A, and starts off immediately for the horse — finds the stable door broken down and the horse stolen. Will any one con *182 tend that in such a case the contract has been completed, and that the note is obligatory? Certainly not. The agreement was still in fieri till the delivery of the horse, the parties were still engaged in the process of consummating the contract — they had not finally separated, and closed the agreement, but one has stepped off to get the horse and the other is in waiting to receive him. It is found that the horse has been stolen, that there can be no delivery, and the contract which was in process of consummation is at an end.
Fry m,d, Pope for plaintiff; Wilson and, Logan foi" defendant.
Let this case, therefore, be placed upon the ground that the contract had been completed, or, upon the ground that it was inchoate, and in fieri merely, and to our minds the appellee is equally entitled to relief.
In either view of the subject, we do not conceive that any principle of the law, as seems to be supposed by the counsel, in regard to parol evidence not being permitted to add to, vary, or contradict written instruments, has been violated. There is no doubt that parol evidence is permissible to show the consideration of an. instrument which does not express a different one upon its face; and, when we allow a party, as in this case, to prove the transaction as it really occurred, we are allowing, as we believe, no variation or addition' to be made to the note, but are allowing that only to be proved which is in harmony with the agreement, and not inconsistent with the noté; the parol proof merely shows how, and under what circumstances the appellant got possession of the note. And these circumstances demonstrate that, if the contract be considered as having been completed, the substantial consideration of the note has failed, and the appellee is entitled to redress, if the contract be looked upon as inchoate and incomplete, he is equally entitled to relief.
Wherefore the decree is affirmed.