### Goode v. Gover's Executor.

(Decided January 15, 1926.)

### Appeal from Lincoln Circuit Court.

1. **Evidence—Vendor Seeking Recovery of Vendee's Profits, Under Agreement Omitted from Deed, Must Prove Case by Clear and Convincing Evidence.**—In suit by vendor to recover vendee's

profits on resale, on allegations that vendee had agreed to turn them over, but that agreement was omitted from deed through mistake, burden was upon vendee to prove case by clear and convincing evidence.

2. Contracts—Instruction Defining "True Construction" Proper.— Where grantor alleged that agreement by grantee to turn over profits on resale had been omitted from deed through mistake, an instruction defining "true consideration," as used in another instruction, as that influential in making deed, without which deed would not have been made, held proper.

C. C. BAGBY and J. S. OWSLEY for appellant.

K. S. ALCORN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On September 15, 1915, appellant and his wife, M. E. Goode, conveyed to B. G. Gover, the brother of Mrs. M. E. Goode, a certain house and lot in Lincoln county, Kentucky, for the recited consideration of $1,100.00, of which $550.00 was paid in cash and the balance was evidenced by notes payable in one and two years from January 1, 1916, with interest. A lien was retained on the property to secure the unpaid purchase price, which lien was duly released on January 2, 1917. Thereafter Mrs. M. E. Goode died. Some time between her death and August, 1921, Gover sold this property for $2,250.00. He died in August, 1921. Among his effects were found several notes due him from the appellant, J. L. Goode, and some of his children. Appellant first negotiated with Gover's executor, appellee herein, to have these notes cancelled, claiming that Gover had agreed to do this in his lifetime. Failing in securing this relief, Goode then brought this suit in 1923, in which he asserted that at the time Gover bought the above mentioned property in 1915 he agreed as a part of the consideration of the deed to pay to his sister, M. E. Goode, and the appellant, J. L. Goode, or the survivor, or if both were dead their children, any profit he might realize on the land should he ever at any time thereafter sell it, but that through mistake and oversight this agreement had not been incorporated in the deed. Appellee duly put this claim in issue. A trial before a jury resulted in a verdict for the appellee, and from the judgment entered thereon this appeal is prosecuted.

The only ground relied on for reversal is that the court erred in giving instruction No. 2, although there is some intimation that the verdict is not supported by the evidence. As to this last, it was upon appellant to prove his case by clear and convincing evidence. The character of his proof, coupled with the facts and circumstances established by appellee's evidence, support the verdict and there is no merit in the contention that the verdict is against the evidence.

The trial court gave only two instructions; the first of which told the jury, in substance, that it should find for appellant in the sum of $1,150.00 if Gover agreed as a part of the "true consideration" for the transfer of the land to turn over to appellant, if he survived his wife, any profit Gover might realize from a resale of the property. Instruction No. 2 reads:

> "True consideration as meant by these instructions is such a consideration as was influential in making the deed, without which the deed would not have been made."

It will be noted that the court was not undertaking to define what was a consideration which would support a contract. The question the court had before it did not concern the adequacy of a consideration. It involved solely the proposition whether or not Gover had made the promise claimed as a part of the consideration he gave for the land. In a very similar case almost identically the same definition of "true consideration" as set out in instruction No. two, was approved. Streshley v. Powell, 12 B. Mon. 178. Under the facts of this case, we think the instruction complained of correctly told the jury the law involved. No error appearing prejudicial to appellant's substantial rights, the judgment of the lower court is affirmed.