Sweeny v. Williams.

should be affirmed. This result entitles the trustee to costs in this court

*Decree unanimously reversed.*

36 627
55 707

36 627
65L 406

36 627
61 117

JEREMIAH C. SWEENY, appellant,

*v.*

WASHINGTON B. WILLIAMS, receiver &c., respondent.

1. When, by statute, a right to administer relief, previously administered only by courts of equity, is extended to courts of law, the former courts are not thereby deprived of jurisdiction unless prohibitory or restrictive words are used in the statute; thenceforth the jurisdictions are concurrent.

2. When the jurisdictions are concurrent, a court of equity will not assume jurisdiction of a matter of which a court of law has already acquired cognizance, unless the latter cannot afford all the relief the party is entitled to.

3. Because a suit is pending at law, the defence to which is want of consideration not cognizable at law, a court of equity ought not to decline jurisdiction of a bill asking a perpetual injunction against the bond and against a mortgage securing the bond.

4. When a bond and mortgage, made without actual consideration as between the parties thereto, has been assigned to a third party, although the evidence does not satisfactorily show that it was executed with a pre-existing design or consent on the part of the maker that it should be so assigned, yet if the maker, by words or acts, afterwards assents to such assignment and ratifies it, the bond and mortgage are thereafter unassailable in the hands of the assignee. The proofs in this case show such assent and ratification.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *Sweeny* v. *Williams, 9 Stew. Eq. 459.*

*Mr. G. Collins,* for appellant.

*Mr. W. B. Williams,* for respondent.

The opinion of the court was delivered by

MAGIE, J.

The bill filed in this case prayed for a perpetual injunction restraining the respondent, as receiver of the Mechanics and Laborers Savings Bank, the said bank and one John Halliard, from bringing or maintaining any action against the appellant, who was the complainant, upon a certain bond and mortgage. The bond was dated November 1st, 1876 ; was made by appellant to said Halliard and was conditioned for the payment of $10,000 on November 1st, 1879, with interest, and was secured by the mortgage, which was likewise made by appellant to Halliard, on lands which Halliard had simultaneously conveyed to him, and recited that it secured a part of the purchase-money. The bond and mortgage had been assigned by Halliard to said bank. These facts were averred in the bill, and appellant therein stated, as ground for the relief prayed, that the transaction between Halliard and himself was merely nominal and that no real interest was acquired by him in the lands conveyed to him, and no consideration existed for the bond and mortgage. It was also averred that an action had been lately before brought by respondent, as receiver, in the supreme court, against appellant, upon the bond. An injunction against proceeding in said action pending the suit in equity was also prayed.

Upon the advice of Vice-Chancellor Van Fleet, the bill was dismissed, and this appeal was taken.

In the opinion of the vice-chancellor it is intimated that the court of chancery might have properly declined jurisdiction in the case, on the ground that the relief claimed was available to the complainant as a defence to the action at law, and that nothing appeared to afford a reason for changing the forum of litigation. This intimation has been considered by counsel arguing before us as implying a doubt as to the jurisdiction of courts of equity in cases where the relief formerly afforded by those courts alone, may now by statute be afforded by courts of law. I do not understand the opinion as implying such a doubt, but if it is susceptible of that construction, it is in that respect erroneous.

Sweeny v. Williams.

When courts of law have of their own motion extended their jurisdiction over cases theretofore solely cognizable in equity, the jurisdiction of the latter courts has been in no respect abridged, although when the jurisdiction at law has become well established, the equity jurisdiction has been in some cases declined. *Eyre* v. *Everett, 2 Russ. 381; Kemp* v. *Byor, 7 Ves. 237; Bromley* v. *Holland, Id. 5; Wells* v. *Pierce, 27 N. H. 503; 2 Spen. Eq. Jur.* § *693.* When, by statute, a right to administer relief previously administered only by courts of equity is extended to courts of law, the jurisdiction of the courts of equity is undisturbed, unless prohibitory or restrictive words are used in the statute; thenceforth the jurisdictions are concurrent. This was the view expressed by Chancellor Green, in *Irick* v. *Black, 2 C. E. Gr. 189, 199,* and by Chancellor Zabriskie, in *Shotwell* v. *Smith, 5 C. E. Gr. 79.* Although questioned in the cases of *McGough* v. *Ins. Bank, 2 Ga. 151,* and *Riopelle* v. *Doellner, 26 Mich. 102,* the proposition is sustained by a great weight of authority. *Atty.-Gen.* v. *Aspinall, 2 M. & C. 613; Cannon* v. *McNab, 48 Ala. 99; Millsaps* v. *Pfeiffer, 44 Miss. 805; Case* v. *Fishback, 10 B. Mon. 40.; Hall* v. *Hall, 43 Ala. 488; Wesley Church* v. *Moore, 10 Pa. St. 273; Bright* v. *Newland, 4 Sneed 440; King* v. *Payan, 18 Ark. 583; People* v. *Houghtaling, 7 Cal. 348; Orain* v. *Barnes, 1 Md. Ch. 151; Payne* v. *Bullard, 23 Miss. 88; Mitchell* v. *Otey, Id. 236; Clark* v. *Henry, 9 Mo. 339; Dobyns* v. *McGovern, 15 Mo. 662.*

But if there exist a concurrent jurisdiction in courts of law and courts of equity, the latter will decline to entertain jurisdiction after the jurisdiction of the courts of law has attached, unless the relief that the applying party is entitled to ask cannot be fully obtained in the court of law. *Story's Eq. Jur.* § *599; Smith* v. *Smith's Admr., 3 Stew. Eq. 564; Salter* v. *Williamson, 1 Gr. Ch. 480; Van Mater* v. *Sickler, 1 Stock. 483; Clarke* v. *Johnston, 2 Stock. 287.*

It is this proposition that I understand the learned vice-chancellor to have maintained in the opinion below. But I do not think the proposition was applied by him to this case, nor is it, in my judgment, properly applicable thereto. The com-

plainant was entitled, if at all, to a relief broader than could be afforded him in the action at law. He asked, and if his contention is correct, was entitled to a perpetual injunction against the bond. At law, his relief as to the bond could be obtained only in case the plaintiff brought his action to trial. If he discontinued or submitted to a nonsuit, the relief could not be obtained there. The complainant was also entitled to relief on the whole transaction, including the mortgage securing the bond, a relief which would only be incidentally rendered by a successful defence at law, and to which Halliard was necessarily to be a party. Adequate relief was therefore not provided in the existing action at law. I think it indisputable that the court below had jurisdiction and a right to adjudicate on the merits of the case, as was done.

The conclusion reached on the merits was that the complainant was not entitled to the relief he sought. There was nothing erroneous in that result. The facts are fully set out in the vicechancellor's opinion, and need not be repeated. He based his conclusion mainly on one of two grounds, viz., either that the bond and mortgage (admittedly without consideration as between the parties thereto) had been made by Sweeny with the express purpose of being assigned by Halliard to the bank, or that they were made by him with the purpose that Halliard should use them as he chose, and that he had in fact used them within the power so given by assigning them to the bank. My examination of the evidence has not convinced me that it is clearly proved that Sweeny made the bond and mortgage for the purpose of being assigned to the bank, or for the purpose of being used by Halliard by way of being assigned so as to be binding upon Sweeny personally. The evidence certainly raises strong suspicions that the latter was the intent with which the instruments were executed, but it perhaps fails to make it sufficiently clear to justify the decree on that ground.

But there is a ground, also adverted to by the vice-chancellor, on which I apprehend the result he reached is securely placed. It is, of course, conceded that if Sweeny had executed these papers with the express intent that Halliard should assign them

Sweeny *v.* Williams.

to the bank for the purpose shown in the proofs, the receiver's claim upon them would be unassailable. Although the contract, as between the parties, was wholly without consideration, yet if made for assignment, and if assigned for a consideration, the latter became the consideration of the original contract. *Farnum* v. *Burnett, 6 C. E. Gr. 87.*

What Sweeny might thus effectively do by his previously expressed purpose and intent, he might likewise ratify with the same effect by his subsequent assent, express or implied. The evidence leaves no room for doubt that Sweeny, after he had notice that Halliard had assigned his bond and mortgage to the bank upon the latter's indebtedness, assented thereto and ratified Halliard's act. Sweeny was an officer of the bank. He was notified of the assignment shortly after it was made. He was informed that the interest was due, or about to become due, on the bond, and he was called on to pay it. He made no objection and did not deny his liability. On the contrary, he sought out Halliard and asked an explanation from him. According to his own statement, Halliard told him that he need not worry ; that he (Halliard) " would take care of it." Thereupon he promptly paid the interest without disclosing the facts he now claims to be true. On receiving subsequent notices, he, once at least, repeated the payment. That he made the payments with money furnished by Halliard does not at all relieve him from the natural inference to be drawn from this conduct, which is that he assented to the act of Halliard in assigning this bond and mortgage, relying on Halliard to protect him from loss. There is some evidence of his knowledge that this bond was calculated as part of the assets of the bank on which a dividend was declared, with his assent as director. But without relying upon that, the conduct before mentioned amounted to a ratification of Halliard's act as effective in establishing the right of the bank as Sweeny's pre-existing consent would have been. On this ground it is that I think that the claim of the bank's receiver is not assailable.

The decree appealed from should therefore be affirmed, with costs.

*Decree unanimously affirmed.*