## WHITEHEAD, Trustee, v. ENTWHISTLE.

(*Circuit Court, N. D. Iowa, C. D.*   June Term, 1886.)

1. EQUITY—JURISDICTION—REMEDY AT LAW.

   To sustain the jurisdiction in equity, it must be shown that there is no sufficient and speedy remedy at law.

2. COURTS—UNITED STATES COURTS—STATE STATUTE CREATING NEW RIGHT—JURISDICTION.

   Where a state statute creates a new right, and provides a remedy for the enforcement thereof, the United States courts will, for the protection of the right created, follow the remedy prescribed; but this is subject to the limitation that the remedy is not contrary to some provision of the constitution of the United States or acts of congress.

3. SAME — NEW EQUITABLE REMEDY — ADEQUATE LEGAL REMEDY—RIGHT OF TRIAL BY JURY.

   In the United States courts, if the remedy at law is speedy and adequate, a remedy in equity, created by state statute, cannot be resorted to, because of the provisions of section 723 of the Revised Statutes, and of article 7 of the amendments to the constitution of the United States, guarantying the right of trial by jury.

Equity.   Demurrer to bill.

*John F. Duncombe*, for complainant.

*C. A. Clark*, for defendant.

SHIRAS, J.   By the bill filed in this cause, the complainant seeks to quiet the title to certain real estate situated in Humboldt county, Iowa, averring that he is the owner in fee-simple thereof, holding the legal title as trustee for the Des Moines & Fort Dodge Railroad Company; and further alleging that the defendant is in actual possession of the premises in question, claiming title thereto under a homestead entry made in the year 1867, and under a purchase from the Iowa Homestead Company, which latter company claims under the act of congress passed in 1855, granting lands to the state of Iowa in aid of the construction of certain lines of railway in said state.   The bill charges that the claim and pretended title of defendant is without foundation, in law or equity; that the certificate of entry under the homestead act, and the conveyance from the Iowa Homestead Company, are fraudulent and void, procured without legal right, and in violation of law; but that the same are clouds upon complainant's title.   Wherefore complainant prays that the certificate of entry under the homestead act, and the conveyance to defendant from the Iowa Homestead Company, be annulled and canceled, and the cloud upon complainant's title be removed, and that the title be quieted in complainant.

To this bill defendant demurs, upon the ground that this court as a court of equity has not jurisdiction, in that it appears that complainant has a plain, speedy, and adequate remedy at law.

From the averments of the bill it appears that complainant is not seeking equitable aid to perfect his own title or the evidences thereof.   He avers that, as trustee, he holds the legal title to the

land, and exhibits the chain of conveyance upon which he relies. The relief asked in the bill is wholly aimed at the clouds caused by the evidences of title under which defendant claims, and as to these it is averred that they have no foundation in law or equity. It is also averred that defendant is in actual possession of the land, holding the same openly and adversely to the claim of complainant.

Section 723 of the Revised Statutes provides that "suits in equity shall not be sustained in either of the courts of the United States, in any case where a plain, adequate, and complete remedy may be had at law." As is said by the supreme court in *Lewis* v. *Cocks*, 23 Wall. 466, this provision of the statute is only declaratory of a principle which is as old as the earliest period of the recorded history of English equity jurisprudence. By express declaration of the constitution of the United States it is provided that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." If, then, a plain and adequate remedy exists at law, a defendant cannot be called upon to submit his rights to the decision of a court of equity, because he has a constitutional right to a trial by jury. *Hipp* v. *Babin*, 19 How. 271; *Lewis* v. *Cocks*, 23 Wall. 466; *Killian* v. *Ebbinghaus*, 110 U. S. 568; S. C. 4 Sup. Ct. Rep. 232; *Fussell* v. *Gregg*, 113 U. S. 550; S. C. 5 Sup. Ct. Rep. 631.

To sustain the jurisdiction in equity, it must be shown that there is no sufficient and speedy remedy at law. The bill in this cause not only fails in this particular, but, on the contrary, affirmatively shows that a plain and proper remedy can be had at law. It is averred that complainant holds the legal title to the lands, and that the defendant is in possession thereof, denying complainant's right. The bill, by its averments, shows clearly that complainant and defendant claim title from different sources, and through different chains of conveyances, and the real question to be determined is, which is the better legal title? The defendant being in possession, an action at law in the nature of ejectment affords a plain and speedy mode of settling the question of title, and that fact is fatal to the jurisdiction in equity.

On part of complainant it is urged, however, that the statute of Iowa confers the right to bring a bill to quiet title in cases of this character, and that thereby the jurisdiction of this court in equity has been enlarged. Section 3273 of the Code of Iowa enacts that "an action to determine and quiet the title to real property may be brought by any one having or claiming an interest therein, whether in or out of possession of the same, against any person claiming title thereto, though not in possession." As construed by the supreme court of Iowa, it cannot be questioned that this section enlarges the powers of a court of equity, and that, in the state court, a bill in equity may be entertained in favor of a party in possession against one not in possession, and in favor of one not in possession against

one in possession. *Lewis* v. *Soule*, 52 Iowa, 11; S. C. 2 N. W. Rep. 400; *Lees* v. *Wetmore*, 58 Iowa, 170; S. C. 12 N. W. Rep. 238.

On the part of complainant it is argued that under the rule announced in *Clark* v. *Smith*, 13 Pet. 196; *In re Broderick's Will*, 21 Wall. 503; and *Reynolds* v. *National Bank*, 112 U. S. 405; S. C. 5 Sup. Ct. Rep. 213,—to the effect that "the state legislatures certainly have no authority to prescribe the forms and proceedings in the courts of the United States, but, having created a right, and at the same time prescribed the remedy to enforce it, if the remedy prescribed is substantially consistent with the ordinary modes of proceeding on the chancery side of the federal courts, no reason exists why it should not be pursued in the same form as in the state court. On the contrary, propriety and convenience suggest that the practice should not materially differ where titles to lands are the subjects of investigation,"—the section of the Code of Iowa above cited creates a new right, enforceable in equity, and therefore this court has the right to entertain the present bill.

There can be no doubt, under the repeated decisions of the United States supreme court, that where a state statute creates a new right, and provides a remedy for the enforcement thereof, the United States courts will, for the protection of the right created, follow the remedy prescribed; but this is subject to the limitation that the remedy is not contrary to some provision of the constitution of the United States or of the acts of congress. Under the Code of Iowa, a party not in possession of realty may bring an action against another, also out of possession. This is a statutory enlargement of rights, and as no action at law will lie in such case, this court, as a court of equity, would have jurisdiction thereof. If, under the Code of Iowa, a party having the legal title to realty, and being out of possession, may bring, as against a party in possession, either a suit in equity to quiet title and for possession, or an action at law, then, suing in the state courts, he has a choice of remedies. In the United States courts, if the remedy at law is speedy and adequate, he cannot avail himself of the remedy in equity created by the state statute, because of the provisions of section 723 of the Revised Statutes, and of article 7 of the amendments to the constitution, guarantying the right of trial by jury.

Counsel for complainant quote largely from the opinion of the supreme court in *Holland* v. *Challen*, 110 U. S. 15, S. C. 3 Sup. Ct. Rep. 495, a case arising in Nebraska, under the provisions of a state law identical in meaning with that of Iowa, and in which case the jurisdiction in equity was sustained. In the circuit court the bill was dismissed on demurrer, which ruling was reversed by the supreme court. The bill did not aver that complainant was in possession, but did aver that the defendant was slandering complainant's title by claiming to be the owner of the real estate, and by trying to obtain, take, and keep possession thereof. In the opinion of the court, the benefits

of the state statute are pointed out, and it is clearly demonstrated that no fact appeared upon the face of the bill which defeated the right of the court to entertain jurisdiction in equity. It is made plain, however, that this ruling was based upon the assumption that the defendant was not in possession, and that therefore an action at law could not be sustained. Thus, we find it said:

"No adequate relief to the owners of real property against the adverse claims of persons not in possession can be given by a court of law. If the holders of such claims do not seek to enforce them, the party in possession, or entitled to possession,—the actual owner of the fee,—is helpless in the matter, unless he can resort to a court of equity. It does not follow that by allowing, in the federal courts, a suit for relief, under the statutes of Nebraska, controversies properly cognizable in a court of law will be drawn into a court of equity. There can be no controversy at law respecting the title to, or right of possession of, real property, when neither of the parties is in possession. An action at law, whether in the ancient form of ejectment or in the form now commonly used, will lie only against a party in possession. Should suit be brought in the federal court, under the Nebraska statute, against a party in possession, there would be force in the objection that a legal controversy was withdrawn from a court of law; but that is not this case, *nor is it of such cases we are speaking.* \* \* \* If the controversy be one in which a court of equity *only* can afford the relief prayed for, its jurisdiction is unaffected by the character of the questions involved."

In *Reynolds* v. *National Bank*, 112 U. S. 405, S. C. 5 Sup. Ct. Rep. 213, it is held that the legislation of the state may be looked to, to ascertain what constitutes a cloud upon a title, and that what is declared to be a cloud by state statute will be removed by a court of the United States sitting in equity, even though, in the absence of the statute, the defect was not such as courts of equity had recognized as casting a cloud upon the title. The facts of the case did not present the question of a speedy and adequate legal remedy.

*Killian* v. *Ebbinghaus*, 110 U. S. 568, S. C. 4 Sup. Ct. Rep. 232, and *Fussell* v. *Gregg*, 113 U. S. 550, S. C. 5 Sup. Ct. Rep. 631, reiterate the rule to be "that whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate, and complete remedy without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury."

If, then, it be true that the state statute can, by enlarging equitable rights and remedies, confer upon the United States courts equitable jurisdiction in a case wherein there exists a plain and adequate remedy at law, it follows that indirectly, but effectually, state legislation has abrogated section 723 of the Revised Statutes, which expressly forbids the United States courts from taking jurisdiction in equity in cases wherein the remedy at law is adequate, and has annulled the constitutional provision securing the right of trial by jury.

As we construe the allegations of the bill filed in the present cause, it clearly appears therefrom that complainant has a speedy and adequate remedy at law to settle the question of title and right of pos-

session of the realty in dispute between the parties hereto; and, that being so, it follows that this court cannot, sitting as a court of equity, entertain jurisdiction of the cause, and the demurrer to the bill must therefore be sustained.

BREWER, J., concurs.