· PERCY S. STRAUS

*v.*

ANNE NORRIS et al.

[Decided March 22d, 1910.]

1. In an action for specific performance, the vendor may recover the purchase price.

2. A false representation must be false to the knowledge of the person making it in order to sustain a legal action of deceit.

3. Equity will relieve from false representations made in the sale of realty, whether they were intentional or made through mistake.

4. Complainant sued to recover so much of the consideration paid defendant for land as would amount to the difference in value between a tract of eighty-two acres and sixty-nine acres, the bill alleging that defendant falsely represented, either fraudulently to induce complainant to pay a higher price, or through mistake, that the land contained the larger acreage.—*Held*, that the chancery court has general jurisdiction in cases of fraud, whether the legal remedy is adequate or not, though, where the legal remedy is adequate, it will not interfere unless justice will be facilitated thereby; that it would be in the present case, since, if· the misrepresentation was not knowingly false, a law court would not have jurisdiction, while the chancery court would, especially where the purchase price was so placed that a court of equity could impound it to abide the result.

---

*Mr. Edmund Wilson,* for the demurrant.

*Mr. Enright,* for the defendants.

STEVENS, V. C.

The bill·alleges that complainant entered into a contract with defendant Norris on July 22d, 1908, whereby Norris sold and agreed to convey to Straus certain farm lands ·

"containing eighty-two acres more or less, bounded on the north by the Chapel Hill road and lands of Corcoran and east by lands of Parmly and on the south by Navesink road and on the west by the New Jersey Southern R. R. for the price of $37,500."

The agreement was carried into effect by a conveyance and the payment of all the purchase-money. The bill alleges that it was orally represented by Norris that the premises contained an area of eighty-two acres and were part of a larger tract containing one hundred and fifteen acres, and that although the purchase price was fixed at a gross sum, nevertheless, in agreeing upon it, Straus relied upon said representation, and said price was fixed at the rate of, approximately, $450 per acre. The bill further alleges that Straus entered upon the land and had spent several thousand dollars in the improvement of it before he discovered that the representation was false in fact, and that the premises contained only sixty-nine and seventy-one one hundredths acres. He sues to recover back so much of the consideration paid as would represent the difference in value between a tract of eighty-two acres and one of sixty-nine and seventy-one one hundredths acres.

It is admitted that if the allegations of the bill are true, Straus is entitled to recover, but it is said he should have sued at law and not in equity.

It is well settled that in actions for specific performance the vendor may recover the price by suit in this court. The fact that a money judgment is sought is no objection. *Moore* v. *Baker, 62 N. J. Eq. (17 Dick.) 208.* It has also been decided that where a representation false in fact has been made, there is this difference between actions at law and suits in equity. At law, to maintain an action of deceit, the representation must (*inter alia*) be shown to be not only false in fact but false to the knowledge of the person making it, in other words, fraudulent. *Cowley* v. *Smyth, 46 N. J. Law (17 Vr.) 380; Eibel* v. *Von Fell, 63 N. J. Law (34 Vr.) 3; 64 N. J. Law (35 Vr.) 364.* Equity will relieve if the representation be false in fact, though no conscious fraud be perpetrated. *Eibel* v. *Von Fell, 55 N. J. Eq. (10 Dick.) 670; Dubois* v. *Nugent, 69 N. J. Eq. (3 Robb.) 145.*

The bill alleges that the representation was made either fraudulently, for the purpose of inducing complainant to pay a higher price, or through defendant's mistake.

It is conceded by demurrant's counsel that this court has general jurisdiction in cases of fraud. The rule is thus stated by

Justice Dixon in *Eggers v. Anderson, 63 N. J. Eq. (18 Dick.)* *265,* in delivering the judgment of the court of errors and appeals: "The court of chancery possesses a general jurisdiction in cases of fraud, as well in cases where the remedy at law is plain, adequate and complete as in other cases; but when the remedy at law is plain, adequate and complete, the court of chancery is reluctant to exercise its jurisdiction, and will not do so unless the administration of justice will thereby, evidently, be facilitated." In the case in hand it appears to me that the administration of justice will be facilitated, if this court takes jurisdiction. In the first place, if the complainant should sue at law and should be able to show that the representation was material and false in fact, but should be unable to show that it was false to the knowledge of the person making it, he would fail; while here he would succeed. It would be an evident hardship to send him to law and then, if he failed, give him a remedy in this court, when this court is fully competent to pass upon the whole question. If, as the bill alleges in the alternative, there was mutual mistake, this court alone would be competent to deal with it.

Then the bill alleges that the price is still in the hands of the agent. This court is able to stay enough of the price in its hands to indemnify complainant, while at law the suit would be only against the principal for damages. No question is made of the jurisdiction to decree an abatement of the price when the acreage is materially less than that called for by the agreement.