WALTER I. CLAYTON, RESPONDENT, v. GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LIMITED, APPELLANT.

Submitted October 28, 1927—Decided February 6, 1928.

For the appellant, *Edward L. Katzenbach.*

For the respondent, *Messrs. Edwards & Smith.*

The opinion of the court was delivered by

BLACK, J. The suit in this case was brought to recover money due under a health policy of insurance. The policy was dated December 30th, 1925. It was to run for twelve months from its date. It covered or insured from disease contracted during the term of the policy. The plaintiff contracted a disease and was operated upon for appendicitis on April 16th, 1926. He was incapacitated for ten weeks. The annual premium was $520. The trial resulted in a verdict for the plaintiff for $2,341.90. The defendant appeals, alleging trial errors, and files seven grounds of appeal, such as failure to direct a verdict in favor of the defendant, error in the charge of the trial judge, and error in leaving the question, as to whether the alleged false statements of the plaintiff in the application for the policy were material to the risk and hazard assumed.

A short summary of the facts on which the appeal is based are as follows, viz.: In the application for the insurance policy, there is attached twenty-one questions; the nineteenth,

twentieth and twenty-first are the only ones involved in the controversy—No. 19: "Have you been disabled, had any departure from good health, or have you received medical or surgical attention or advice during the past five years? Yes. Nature of disease—month and year, or injury. Duration. Result. May, 1922. Pneumonia, 3 weeks. Regained health, no effects." No. 20: "Last physician consulted? [Name] Dr. Dillon, 69th street, Lexington avenue, N. Y. C. [address]." No. 21: "Do you agree that the falsity of any statement in this application shall bar the right to recovery, if such false statement is made with *intent to deceive*, or materially affects either the acceptance of the risk or hazard assumed by the corporation? Yes."

The appellant asserts, these answers are misrepresentations, because, in November, 1925, the plaintiff had a "cold" or a "grippy cold" and consulted a Dr. Grimes therefor, and did not set the same forth in the application. The testimony, as revealed by the record on this point, is as follows: Dr. Jesse R. Grimes, a physician, testifying for the defendant, stated that he had seen the plaintiff November 23d, 1925, at his home, having been called on the telephone, and found he had a temperature of one hundred and two; headache and general muscular pains; that he gave the plaintiff some medicine and called the next morning and not thereafter; that the plaintiff had a grippe attack. On cross-examination, he stated that he can't remember what he prescribed, but that when he returned the next morning, the plaintiff's temperature was around ninety-nine and one-half, and that anything over ninety-nine and one-half is abnormal; that the plaintiff had a "grippy cold." The plaintiff being recalled, said, that Dr. Grimes gave him a dose of castor oil the night he called and nothing the next morning; that he arose right after the doctor left, and the indisposition was gone after that day. The plaintiff's wife, Emily A. Clayton, testified, she called Dr. Grimes, that he ordered a dose of castor oil, which she got and gave to her husband, and further corroborated the testimony of Dr. Grimes and her husband.

The vital point raised on this appeal is substantially disposed of adverse to the appellant's contention, in the case of

*Anders* v. *Supreme Lodge Knights of Honor,* 51 *N. J. L.* 175. In that case, it was said, it requires plain and unambiguous terms to induce the court to conclude that it was the conventional purpose that the policy should be a nullity, in case the assured had in his application unintentionally misstated a fact.

Mr. Justice Depue, in that case at the Circuit, instructed the jury that such fact did not avoid the policy, but that to produce that result it must have been false to the knowledge of the applicant. This was held not error. This disposes of the first point, that it was error to refuse to direct a verdict in favor of the defendant.

So, we find no error in the court's charge: "Now that the rule is that if there is any question and answer concerning which there is any ambiguity, that is to be resolved against the company in determining whether or not the answers are false." This is a correct statement of the law. If there is no ambiguity, there is no place for the application of the rule and the defendant has not been harmed.

So, as to the burden of proof, "If you find the answers were false but not intended to deceive, then you must determine whether the statements materially affected the risk, the burden of proof rests upon the defendant of proving this to your satisfaction by a fair preponderance of the evidence." So, whether the false statements of the plaintiff in the application materially affected either the acceptance of the risk or hazard assumed by the defendant. This was a jury question. So, as to the materiality left by the court in the charge to the jury as a fact. The questions were not for the court, but for the jury to determine, whether there was fraud or materiality in the plaintiff's answers.

This subject is exhaustively discussed, with a wealth of citations and illustrations, in 37 *Ccrp. Jur.* 458, § 178 (*b*); where the rule to be applied is formulated thus: "Thus, answers as to disease, injuries or physical conditions are not false so as to defeat the insurance unless the disease, injury or infirmity relied on is shown to have been such as to affect the general health or probable continuance of life or impair

the constitution, and not in its nature simply transitory or temporary indisposition, and even when the questions by their terms include trivial illnesses and injuries unconnected with any specific disease, they should be interpreted to refer to only such illnesses as affect the risk." See 14 *R. C. L.* 1071, § 250.

The alleged connection between a cold and a dose of castor oil on November 23d, 1925, and appendicitis on April 16th, 1926, is rather fanciful. There was no merit to the defense in this case and there is no merit in the appeal.

Finding no error in the record, the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—PARKER, J. 1.