The complainant, by its bill, prays that a policy of accident insurance issued by it to the defendant be surrendered up and canceled, because, as alleged, it was obtained by fraud. Inherently, equity has jurisdiction over all cases of *Page 359 
fraud. Eggers v. Anderson, 63 N.J. Eq. 264; CommercialCasualty Insurance Co. v. Southern Surety Co., 100 N.J. Eq. 92;affirmed, 101 N.J. Eq. 738. It appears that the defendant instituted an action at law against the complainant in the Hudson county circuit court, and the complainant effected the removal thereof to the United States district court, in which latter court it demanded and obtained a copy of the policy, then demanded a bill of particulars, then applied for and was denied a more specific bill of particulars, and then moved to strike out the summons and complaint. Complainant now, by its bill, seeks to stay the prosecution by the defendant of his aforesaid action at law, to restrain him from prosecuting any other suit against complainant based on the aforesaid policy of insurance, and to require the defendant to surrender and deliver up said policy for cancellation. In opposing the relief sought herein by the complainant the defendant contends that the complainant has an adequate remedy at law, and for that reason, and also because of its causing the removal to the United States district court the action at law which the defendant had instituted in the Hudson county circuit court, and its activities in the federal court, and also because, as is urged, complainant has been guilty of laches, this court should not grant to the complainant the relief sought by it. The defendant urges that the mere fact that the complainant's bill is based on allegations of fraud gives it no standing in equity, and that equity takes no jurisdiction over such fraud as is cognizable at law where the remedy at law is adequate — citing Krueger v. Armitage, 58 N.J. Eq. 357;Polhemus v. Holland Trust Co., 61 N.J. Eq. 654. My consideration of the bill of complaint and the affidavits and exhibits annexed thereto and made part thereof, and the affidavits filed in behalf of the respective parties on the return of the order to show cause made herein, and the argument of counsel for the respective parties actuates me in determining that the relief sought by the complainant, pendente lite, should be granted. Without elaborating upon the contentions of the respective parties, it will suffice, in my judgment, for my *Page 360 
determination of the matter sub judice to declare that a court of equity will relieve from false representations whether they were intentional or made through mistake. Travelers InsuranceCo. v. Evslin, 101 N.J. Eq. 527. It has been held that the fact that a misrepresentation in securing a policy of insurance was made innocently will not prevent rescission of a contract of insurance on the ground of such misrepresentation. TravelersInsurance Co. v. Evslin, supra. See, also, Eibel v. VonFell, 55 N.J. Eq. 670. If, as alleged by the complainant, the misrepresentations disclosed by the bill of complaint and affidavits, were made with knowledge, and were untruthful representations of a material fact, such representations will be deemed fraudulent. Commercial Casualty Insurance Co. v.Southern Surety Co., supra. In the aforesaid case it is said: "Equity remains inactive only in that class of fraud that is recognized and remediable at law. A misrepresentation without intent to deceive will not sustain an action at law for deceit, while in equity an untruthful representation of a material fact, though there be no moral delinquency, is deemed to be fraudulent.Eibel v. Von Fell, 55 N.J. Eq. 670; Straus v. Norris,77 N.J. Eq. 33; Cowley v. Smyth, 46 N.J. Law 380. The law courts not having as yet taken upon themselves to relieve against wrongs resulting from misrepresentations fraudulent in conscience only, courts of equity continue to perform that function." And in the same case it is said: "* * * the concurrent jurisdiction of the law courts to relieve against deceitful representations does not abridge equity's jurisdiction to grant relief on that score, and even though it be, as contended, that the bill discloses that all the misrepresentations were deceitfully made, it may be that the complainants would not be able to prove that the misrepresentations were knowingly false, but could only prove that they were material and untrue — a defense in equity only. The complainants are not to be put to the hazard at law when the requirements in equity are less exacting." In Schoenfeld v.Winter, 76 N.J. Eq. 511, it was held: "In order to set aside a contract founded in fraud, it is only necessary in equity to prove *Page 361 
that the representation upon which the action is founded is false, that it is material, and that damage has ensued; while at the common law the proof must go to the extent of satisfying the jury that the defendant knew that the statement relied upon was false. It will therefore be seen at a glance that the remedy in equity is much broader and much more efficient than the remedy at law could be. It was held in Morse v. Nicholson, 55 N.J. Eq.
(10 Dick.) 705; 38 Atl. Rep. 178, that in a case where the jurisdiction of the courts of law and equity for the redress of frauds was concurrent the court of equity should entertain the cause and determine it upon its merits, provided that adequate relief could not be obtained at law; and this, I take it, is a general rule which ought to be applied in the discretion of the court to cases of fraud where there are concurrent remedies." The remedy at law in the case sub judice may not be adequate. The plaintiff in the suit at law may, before or at the trial, suffer nonsuit and subject the defendant therein (the complainant herein) to other and vexatious suits in this state or in other jurisdictions. The complainant is entitled to the more adequate remedy afforded in equity by a decree that the defendant herein surrender the policy of insurance for cancellation upon proof of fraud, whether the fraud be unconscionable or deceitful. Such, substantially, was declared to be the law in Commercial CasualtyInsurance Co. v. Southern Surety Co., supra. See, also,Straus v. Norris, 77 N.J. Eq. 33. In Commercial CasualtyInsurance Co. v. Southern Surety Co., supra, the court referred to Sweeny v. Williams, 36 N.J. Eq. 627, which was a bill to restrain an action at law to recover on a non-negotiable bond on the ground that it was given without consideration, and Mr. Justice Magie, speaking for the court of errors and appeals, said, in holding that chancery had jurisdiction of the merits: "The complainant was entitled, if at all, to a relief broader than could be afforded him in the action at law. He asked, and if his contention is correct, was entitled to a perpetual injunction against the bond. At law, his relief as to the bond could be obtained only in case the plaintiff brought his *Page 362 
action to trial. If he discontinued or submitted to a nonsuit, the relief could not be obtained there." It is apparent, in the case sub judice, that if the complainant is entitled to the relief particularly sought by it in this court, that is, the surrender and cancellation of the policy of insurance in question, such relief can only be obtained in this court. In NewYork Life Insurance Co. v. Steinman, 103 N.J. Eq. 403,
Vice-Chancellor Leaming held: "The existence of a complete defense, based on fraud, in a court of law, falls short of and does not ordinarily constitute such an adequate remedy for the defendant as should impel a court of equity to refuse to entertain a bill filed by the defrauded party for cancellation and surrender of the contract, since the opportunity to make that defense may be lost, or the ability to make it be weakened, by studied delay of the other party; and, further, that mere defense at law does not embrace the equitable relief of cancellation or surrender of a contract." See, also, Morgan Realty Co. v.Pazen, 102 N.J. Eq. 33. It appears to me that unless this court retains jurisdiction of the case sub judice complainant will not only be deprived of adequate relief, but there will be nothing to estop the defendant from bringing suits against the complainant at any time during the defendant's life in this or other jursidictions which may prove vexatious to complainant. The policy of insurance provides: "If such injuries, directly and independently of all other causes, shall wholly and continuously disable the insured from date of accident and prevent him from performing any and every duty pertaining to his occupation, the company will pay the weekly indemnity hereinafter specified so long as he shall live and suffer such disability." The weekly indemnity provided for in the policy of insurance is $250, and $500 in the event of the happening of accident on a common carrier for passenger service. Paragraph 6 of the complaint in the law action recites: "6. There is due and owing to the plaintiff from the defendant the sum of $500 a week from September 10th, 1927, until July 30th, 1928, a period of forty-seven weeks, in the sum of $23,500 besides interest from the date when each of the payments *Page 363 
aforesaid became due and owing, and there will become due and owing to the plaintiff the aforesaid sum of $500 a week from and after July 30th, 1928, and for a definite period of time the aforesaid weekly payments of $500 due to the fact that the plaintiff will remain wholly and continuously disabled and prevented from performing any and every duty pertaining to his occupation as dentist." In view of the foregoing it is manifest that the matters in difference between the parties are such as may most appropriately be determined in a court of equity because if the complainant substantiates the allegations of fraud alleged in the bill of complaint its only adequate remedy would be to obtain a decree for the cancellation of the insurance policy in question, and especially so when it is considered that equity will cancel an instrument obtained through false statements whether or not there was an intention upon the part of the defendant to deceive the complainant by such false statements. The application for the policy of insurance, which appears to be a part of the policy, contains a question and answer as follows: "27. Do you agree that the falsity of any answer in this application for a policy shall bar the right to recover thereunder if such answer is made with intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company? Yes." On the argument of the matter sub judice counsel for the defendant urged that the aforesaid question and answer was such that the complainant could not take advantage of any alleged misstatement by the insured unless such misstatement was made with intent to deceive. I stated to counsel at the time that I did not consider that such question and answer was subject to such interpretation, and that if the defendant made false statements materially affecting either the acceptance of the risk or the hazard assumed by the company this court may in a proper case and upon sufficient proof cancel the policy of insurance whether such false statements were made innocently or with intent to deceive. Such I regard to be the rule applicable to matters such as sub judice. The complainant claims that the defendant made many false answers to questions propounded *Page 364 
to him which materially affected the acceptance of the risk and the hazard assumed by the company. It may appear at the final hearing that one or more of such alleged false answers were made without moral delinquency, yet this court may, even though such be the fact, decree a cancellation of the policy. CommercialCasualty Insurance Co. v. Southern Surety Co., supra. The policy of insurance in question contains a provision: "E. This policy is issued in consideration of the payment of the premium and of the statements made in the application, copy of which is endorsed hereon and is hereby made a part of this contract." The defendant contends that the policy of insurance was tendered him before his application therefor was signed and handed to the complainant's agent. I do not perceive how the defendant may expect at final hearing to place any substantial reliance upon such contention, particularly in view of the fact that the policy of insurance upon which he predicates his right of action expressly provides as aforesaid. I do not regard the defendant's claim of laches as of substance in the matter sub judice but, if there be any substance thereto, it may be more appropriately urged at the final hearing of the cause; nor do I regard the activities of the complainant in the United States district court, hereinabove referred to, as of any material consequence in the matter sub judice. The defendant herein was not in anywise prejudiced thereby. The case of Simon v. Henke, 102 N.J. Eq. 115,
cited in behalf of the defendant, is inapplicable, and in any event may not be regarded as dispositive of the objection urged herein by the defendant a fortiori because of the rule of law hereinabove mentioned which is clearly indicative that this court having concurrent jurisdiction with the law courts may relieve against fraudulent representations for which adequate relief may not be obtained in suits at law. In Simon v. Henke,supra, I said: "It is quite axiomatic in the law of equity that, where the remedy at law is adequate, equity will not interfere; and it is only by a strict observance of this principle that the boundaries of the two jurisdictions can be properly maintained, and vexatious and ruinous litigation prevented." It *Page 365 
appears to me in the case sub judice that vexatious and ruinous litigation can only be prevented between the litigants herein by this court retaining jurisdiction of the cause set up by the complainant's bill of complaint. The bill of complaint contains allegations of misrepresentations and fraud which, if substantiated by adequate proof may, in this court, exonerate the complainant from liability under the aforesaid policy of insurance. See, also, The Keystone Dairy Co. v. New York LifeInsurance Co. (United States Circuit Court of Appeals for theThird Circuit), 19 Fed. Rep. 2d 68. In Sweeny v.Williams, supra, the motion to dismiss the bill was denied, and as the affidavits filed in behalf of the complainant supported the allegations of the bill of complaint, an injunction,pendente lite, was issued. In Commercial Casualty InsuranceCo. v. Southern Surety Co., supra, the court said: "To deny a stay would be to destroy the subject-matter of the suit, and would at this time deny relief which the complainants might be entitled to on final hearing."
I will advise an order continuing the restraint contained in the order to show cause made herein, bearing date November 19th, 1928.