## ETTELSON et al. v. METROPOLITAN LIFE INS. CO.

### No. 732.

District Court, D. New Jersey.

Dec. 26, 1941.

Frazer, Stoffer & Jacobs and David Stoffer, all of Newark, N. J., for plaintiffs.

McCarter, English & Egner and Conover English, all of Newark, N. J., for defendant.

WALKER, District Judge.

1. The plaintiffs originally instituted suit in the New Jersey Supreme Court to recover the benefit under certain policies of insurance issued by the Metropolitan Life Insurance Company on the life of Richard Ettelson, deceased. Defendant removed the case to this court on the ground of diversity of citizenship and thereafter filed an answer and counterclaim.

2. The answer pleads that Richard Ettelson was asked and he answered that he did not have any ailment or disease of the heart or lungs, whereas in fact, he had had an ailment or disease of the heart, and he was asked and he answered that he did not

have any ailment or disease of the stomach or intestines, liver, kidneys or genito-urinary organs, whereas in fact, the said Richard Ettelson had had an ailment or disease of the stomach, and said statements were untrue in fact and false by reason whereof each policy is void.

3. The counterclaim charges that Richard Ettelson in the master application[1] failed to disclose certain facts which were material and which if known by Metropolitan Life Insurance Company would have resulted in a refusal by said company to issue the policies of insurance, that statements made by Richard Ettelson in the master application and specifically referred to in paragraphs 8, 9, 10 and 11 of the counterclaim were false in fact and that Richard Ettelson failed to disclose material facts.

## Discussion.

The historic grounds for bills to cancel insurance policies allegedly procured by fraud were the possibility of loss of legal defenses because of uncertainty when a claim under the policy might arise, the danger that witnesses might die or disappear, and when incontestability clauses were in use, the danger that a policy could become incontestable after a limited period unless a bill was filed by the insurer in time to create a contest.[2]

The principles governing the equitable remedy of cancellation were concededly part of the body of equity law "being administered by the English Court of Chancery at the time of the separation of the two countries" and which Section 11 of the Judiciary Act of 1789[3], prescribed for the guidance of the Federal Courts in granting or withholding extraordinary relief in equity.[4]

Certain restrictions were, however, imposed upon the Federal Courts in administering equitable relief:

1. By Section 16 of the Judiciary Act of 1789[5], Congress as the creator of the Federal Courts with power to define and limit their jurisdiction and the exercise thereof prescribed that "suits in equity shall not be sustained in either of the courts of the United States, in any case where a plain, adequate and complete remedy may be had at law."

2. Five days later, September 29, 1789, the same Congress proposed to the legislatures of the several states[6] the Article afterwards ratified as the 7th Amendment to the Constitution which declares that, "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."

As a result the Supreme Court early enunciated and thereafter consistently applied the principle that "whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate, and complete remedy, without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury."[7]

In suits for cancellation of insurance policies on the ground of fraud the foregoing limitations on the Federal Courts have been applied to prevent relief in equity where the loss insured against has occurred, and especially where an action has been instituted to recover on the insurance, therefore; the motion of the plaintiffs for an order striking out and dismissing the Counterclaim filed by the defendant rests on the following:

(a) The insured is dead,

(b) An action at law has been instituted to collect the proceeds of the four policies of insurance issued in his name,

(c) The said action affords a plain, adequate and complete remedy at law.

The Supreme Court in cases similar to the instant one, has held the relief at law adequate and it has denied the equitable

---

[1] One master application covered the four policies issued.

[2] Cooper v. Jael, 27 Beav. 313, 317, affirmed in 1859, 1 DeG. F. & J. 240; Adams Equity, p. 174; Am. & Eng. Ency. of Law, 2 Ed. Vol. 24, p. 626; Note, 37 Harvard Law Review, 622 (1923-24); 9 C. J. 1161.

[3] Section 24(1) of the Judicial Code, Title 28 U.S.C.A. § 41(1).

[4] Atlas Life Ins. Co. v. W. I. Southern, Inc., 306 U.S. 563, 568, 59 S.Ct. 657, 659, 83 L.Ed. 987.

[5] Title 28 U.S.C.A. § 384.

[6] 1 Statute 21, 98.

[7] Hipp v. Babin, 19 How. 271, 278, 15 L.Ed. 633. In accord: Grand Chute v. Winegar, 1873, 15 Wall. 373, 375, 21 L. Ed. 174; Lewis v. Cocks, 1874, 23 Wall. 466, 470, 23 L.Ed. 70; Root v. Lakeshore & M. S. Railway Co., 1882, 105 U.S. 189, 212, 26 L.Ed. 975; Killian v. Ebbinghaus, 1884, 110 U.S. 568, 573, 4 S.Ct. 232, 28 L.Ed. 246. See, also, Whitehead v. Entwhistle, C.C., 27 F. 778; Scott v. Neely, 140 U.S. 106, 11 S. Ct. 712, 35 L.Ed. 358.

remedies of cancellation or recission in the absence of allegations of special circumstances of a quia timet nature.[8]

The counterclaim in question does not plead special circumstances of a quia timet nature and the plaintiffs should prevail unless the doctrine of Erie R. Co. v. Tompkins[9] guides us to another conclusion.

■ The law and equity courts in New Jersey have been continuously separated and there is no constitutional or statutory provision or judicial decision which can be regarded as withholding or withdrawing from the Court of Chancery of New Jersey any jurisdiction possessed by its English prototype.[10]

Relief will be granted in the Court of Chancery of New Jersey where the fraud consists of material representations false in fact, even though made without either knowledge of their falsity or intent to deceive. The law courts of New Jersey recognize fraud only where the falsity was uttered knowingly and intentionally.[11]

Accordingly the New Jersey Courts hold that there is no remedy at law for unintentional or innocent misrepresentations, such misrepresentations do not void the policy at law or furnish a defense which may be asserted in a suit at law on the policy.[12]

At the same time the New Jersey Courts of Equity have repeatedly decreed cancellation and recission of insurance policies obtained by representations which were false in fact but which were not shown to have been made with knowledge of their falsity or with intent to deceive.[13]

■ The difference between the require-

[8] Phoenix Mutual Life Ins. Co. v. Bailey, 13 Wall. 616, 20 L.Ed. 501; Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Adamos v. New York Life Ins. Co., 293 U.S. 386, 55 S.Ct. 315, 79 L.Ed. 444. See, also, Di Giovanni v. Camden Fire Ins. Association, 296 U.S. 64, 56 S.Ct. 1, 80 L. Ed. 47; American Life Ins. Co. v. Stewart et al., 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268; Atlas Life Ins. Co. v. W. I. Southern, Inc., supra; Federal Life Ins. Co. v. Ettman, 8 Cir., 120 F.2d 837, certiorari denied, 62 S. Ct. 115, 86 L.Ed. —.

In New York Life Ins. Co. v. Marotta, 57 F.2d 1038, the Third Circuit Court of Appeals held the District Court of New Jersey erred when the trial court dismissed the equitable defenses after the jury found for the plaintiff on the issues raised by the legal defense, because equitable fraud is not the same as legal fraud and when the trial court overlooked this distinction it deprived the defendant of the benefit of a showing of equitable fraud.

The Eighth Circuit Court of Appeals in New York Life Ins. Co. v. Miller, 73 F. 2d 350, 97 A.L.R. 562, a case similar to the Marotta case, discussed the Marotta case and said the force of the reasoning in said case was recognized but Phoenix Mutual Life Ins. Co. v. Bailey, supra and Cable v. United States Life Insurance Company, 191 U.S. 288, 24 S.Ct. 74, 48 L.Ed. 188, controlled.

The Supreme Court in Enelow v. New York Life Ins. Co., supra, cited the Marotta case in the course of the discussion on Section 274b of the Judicial Code, Title 28 U.S.C.A. § 398, more specifically for the point that the substantive jurisdiction of equity was not there-by changed or enlarged. The Miller case, however, is cited with Phoenix Mutual Life Ins. Co. v. Bailey, supra, for the general rule that the legal remedy in an action pending in a Federal Court is adequate and that equitable remedies against such action and to obtain a determination in equity would not be granted.

[9] Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L. R. 1487.

[10] Eggers v. Anderson, Err. & App. 1901, 63 N.J.Eq. 264, 49 A. 578, 55 L. R.A. 570.

[11] New York Life Ins. Co. v. Stein, Err. & App., 126 N.J.Eq. 259, 8 A.2d 555; Commercial Cas. Ins. Co. v. Southern Surety Co., 100 N.J.Eq. 92, 135 A. 511; affirmed on opinion, Err. & App., 101 N.J.Eq. 738, 138 A. 919; Metropolitan Life Ins. Co. v. Stern, 124 N.J.Eq. 391, 393, 2 A.2d 51; Sarson v. Maccia, 90 N.J.Eq. 433, 108 A. 109; Straus v. Norris, 77 N.J.Eq. 33, 75 A. 980; Du Bois v. Nugent, 69 N.J.Eq. 145, 60 A. 339; Eibel v. Von Fell, 55 N.J.Eq. 670, 38 A. 201.

[12] Clayton v. General, etc., Assurance Corp., Err. & App., 104 N.J.L. 364, 140 A. 307; Anders v. Supreme Lodge, 51 N.J.L. 175, 17 A. 119. See, also, Kozlowski v. Pavonia Fire Ins. Co., Err. & App., 116 N.J.L. 194, 183 A. 154.

[13] Metropolitan Life Ins. Co. v. Lodzinski, Err. & App., 124 N.J.Eq. 357, 1 A.2d 859; Prudential Ins. Co. v. Cafiero, 126 N.J.Eq. 33, 7 A.2d 882; Ætna Life Ins. Co. v. Sussman, 111 N.J.Eq. 358, 162 A. 132; Prudential Ins. Co. v. Holmes, 111 N.J.Eq. 115, 162 A. 135; Travelers' Ins. Co. v. Evslin, 101 N.J.Eq. 527, 139 A. 520. See, also, Metropolitan Life Ins. Co. v. Stern, supra.

ments of proof at law and in equity, at law one must prove that the representations were false and were knowingly and deceitfully made, while in equity one need prove merely that the representations were false in fact, is regarded by the New Jersey courts as rendering the legal remedy inadequate. [14]

The inadequacy of legal remedy is further demonstrated by the established principle that "mere defense is not relief", particularly where the relief sought is the cancellation of an instrument as to which there may be a legal defense. [15]

■■ The conclusion is, therefore, that by the law as laid down by the New Jersey courts, it is well settled that false representations which are not alleged or proved to have been made with knowledge of their falsity or with intent to deceive, do not constitute a defense at law, but may be the basis of relief only in equity. Measured by these principles, the counterclaim herein alleges sufficient grounds for equitable relief in the Court of Chancery of New Jersey, and the question is whether this Court is bound to apply the state law in determining the adequacy of the legal remedy in a case of equitable fraud.

The issue thus expressed does not appear to have been squarely raised in any reported case. However, the Tompkins decision makes acute the distinction between substance and procedure in diversity of citizenship cases. It assigns to State law a wide and unambiguous domain putting an end to the regime of an independent body of "general" common law administered by the Federal courts. [16]

■ In conformity with the rule of Erie R. Co. v. Tompkins, the Federal courts must follow the State in determining whether good faith and scienter are necessary elements in a defense of fraud interposed in a suit to recover the proceeds of an insurance policy. [17]

The question of whether scienter is a necessary element of fraud, is closely allied with the question of the burden of proof and matters relating to the burden of proof [18] are matters of substantive law, as to which the federal courts must apply the

[14] Commercial Cas. Co. v. Southern Surety Co., 100 N.J.Eq. 92, 135 A. 511; affirmed, Err. & App., 101 N.J.Eq. 738, 138 A. 919; Schoenfeld v. Winter, 76 N.J.Eq. 511, 74 A. 975, affirmed on opinion, Err. & App., 79 N.J.Eq. 219, 81 A. 1134; Metropolitan Life Ins. Co. v. Stern, supra; Straus v. Norris, 77 N.J.Eq. 33, 75 A. 980.

[15] Kueper v. Pyramid B. & M. Corp., Err. & App., 117 N.J.Eq. 110, 174 A. 723; Chapin Publicity Co. v. Saybrook, etc., Corp., Err. & App., 105 N.J.Eq. 215, 147 A. 490; Gallagher v. Lembeck & B. Eagle Brewing Co., Err. & App., 86 N.J.Eq. 188, 98 A. 461; Sweeny v. Williams, Err. & App., 36 N.J.Eq. 627; Prudential Ins. Co. v. Merritt-Chapman & Scott Corp., 111 N.J.Eq. 166, 162 A. 139, and Id., 112 N.J.Eq. 179, 163 A. 894; New York Life Ins. Co. v. Steinman, 103 N.J.Eq. 403, 143 A. 529; Morgan Realty Co. v. Pazen, 102 N.J.Eq. 33, 139 A. 712; Smith-Austermuhl Co. v. Jersey, etc., Co., 89 N.J.Eq. 12, 103 A. 388; Chase's Ex'r, v. Chase, 50 N.J.Eq. 143, 24 A. 914; Cornish v. Bryan, 10 N.J.Eq. 146. See, also, Ruhlin et al. v. New York Life Ins. Co., 3 Cir., 93 F.2d 416, reversed on other grounds 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 290; Id., 3 Cir., 106 F.2d 921, certiorari denied 309 U.S. 655, 60 S.Ct. 469, 84 L.Ed. 1005; Brown v. Pacific Mutual Life Ins. Co., 4 Cir., 62 F.2d 711; Metropolitan Life Ins. Co. v. Schneider, D.C.N.J., 34 F.Supp. 220.

[16] 53 Harvard Law Review page 606 at 610.

[17] Guardian Life Ins. Co. v. Clum, 3 Cir., 106 F.2d 592, certiorari denied 309 U.S. 666, 60 S.Ct. 592, 84 L.Ed. 1013; Phoenix Mutual Life Ins. Co. v. Harmegnies, 8 Cir., 110 F.2d 20; Mutual Benefit H. & A. Ass'n v. Snyder, 6 Cir., 109 F.2d 469; Zolintakis v. Equitable Life Assur. Soc., 10 Cir., 108 F.2d 902, certiorari denied 310 U.S. 640, 60 S.Ct. 1087, 84 L.Ed. 1408; New York Life Ins. Co. v. McCurdy, 10 Cir., 106 F.2d 181, certiorari denied 309 U.S. 656, 60 S.Ct. 470, 84 L.Ed. 1005; Equitable Life Assur. Soc. v. MacDonald, 9 Cir., 96 F.2d 437, certiorari denied 305 U.S. 624, 59 S.Ct. 86, 83 L.Ed. 399.

[18] The burden of proof as to contributory negligence and the doctrine of res ipsa loquitur are substantive and not procedural law and the State rule with respect thereto must be applied in the Federal Courts. Sampson v. Channell, 1 Cir., 110 F.2d 754, 128 A.L.R. 394, certiorari denied, 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415; Montgomery Ward & Co. v. Snuggins, 8 Cir., 103 F.2d 458; Central Surety & Ins. Corp. v. Murphy, 10 Cir., 103 F.2d 117. See, also, 53 Harvard Law Review page 1393. Hagan & Cushing Co. v. Washington, etc., Co., 9 Cir., 99 F.2d 614; Coca-Cola Bottling Co. v. Munn, 4 Cir., 99 F.2d 190.

rules which obtain in the respective state courts. [19]

■■ Since this court is bound to follow the law of New Jersey and hold scienter is a necessary element in a legal defense of fraud [20], the defendant does not have a legal remedy [21] by way of defense to the action at law of the plaintiffs unless it can prove scienter. A burden that it does not have to carry in the equity courts of New Jersey in order to have a legal remedy in the case of equitable fraud.

■ The defendant has not forfeited its right to equitable relief by pleading legal defenses to the plaintiffs' complaint. [22]

Conclusion.

This court is bound to follow and apply the law as laid down by the State Courts of New Jersey in determining the adequacy of the legal remedy in a case of equitable fraud. [23]

The motion of the plaintiffs is denied. [24]

---

[19] Cities Service Oil Co. v. Dunlap, 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196.

[20] Under the New Jersey Law scienter.

[21] The test under the Judiciary Act is the adequacy of the legal remedy. Russell v. Todd, 309 U.S. 280, 60 S.Ct. 527, 84 L.Ed. 754.

[22] Adams v. Camden Safe Deposit & Trust Co., 121 N.J.L. 389, 2 A.2d 361; Simon v. Townsend, 27 N.J.Eq. 302.

[23] See Metropolitan Life Ins. Co. v. Tarnowski, Err. & App., 130 N.J.Eq. 1, 20 A.2d 421.

[24] Attention is called to Fitzpatrick et al. v. Sun Life Assurance Company of Canada, D.C.N.J., 1 F.R.D. 713, Smith, J., memorandum filed May 21, 1941.