RICHARD H. DUFF, ADMINISTRATOR, ETC., JOHN SULLIVAN, DECEASED, RESPONDENT, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, APPELLANT.

Submitted March 26, 1917—Decided June 18, 1917.

1. A finding of fact by the District Court, supported by evidence, that, in the application for a policy of life insurance, a statement, that the insured was not suffering from consumption was a willful untruth, vitiates the policy. This in effect is a finding that the policy was procured by fraud.
2. By statute *Pamph. L.* 1907, *p.* 133, § 1 (4) statements purporting to be made by the insured shall, in the absence of fraud, be deemed representations and not warranties.
3. The Supreme Court cannot review the findings of fact of the District Courts, when supported by evidence.

On appeal from the Supreme Court.

For the appellant, *Randolph Perkins.*

For the respondent, *Hershenstein & Finnerty.*

The opinion of the court was delivered by

BLACK, J. This was a suit brought on an industrial life insurance policy, issued to the decedent, John Sullivan, by the defendant company, for the sum of two hundred and forty-four dollars ($244), on September 21st, 1914. The insured died of tuberculosis at the City Hospital in Jersey City, June 13th, 1915. The case was tried in the First District Court of Jersey City, by Judge Carrick, without a jury, resulting in a judgment rendered in favor of the defendant. The trial court found, as a fact, the statement made by the insured, in his application, that he had never suffered from consumption, in view of the previous history of the case, to have been a *willful untruth, which* vitiates the policy and prevents recovery thereunder. The evidence in the record amply supports this finding of fact by the trial court. The case was reviewed in the Supreme Court, which reversed the judgment of the District Court, on the ground that the false statement in the application, if it was false, did not vitiate the policy, in the absence of proof, that the company was induced to write the policy through fraud. The Supreme Court also said the case is substantially, though not precisely, similar to *Melick* v. *Metropolitan Life Insurance Co.,* 84 *N. J. L.* 437; *affirmed,* 85 *Id.* 727, in which the determining factor was the continued acceptance of weekly premiums by the company.

We do not agree with the conclusion reached by the Supreme Court. We think the judgment of the Supreme Court should be reversed and the judgment of the District Court affirmed.

In the application for the policy of insurance, which was dated September 9th, 1914, the insured stated that he had never suffered from consumption, that he was in good condition of health and had no serious disease. The company defended on the ground of the falsity of these statements.

The policy itself does not refer to the application for insurance. The statements in the application are not made warranties or conditions. The statute provides: "All statements purporting to be made by the insured shall, in the ab-

sence of fraud, be deemed representations and not warranties. Any waiver of this provision shall be void." *Pamph. L. 1907, p.* 133, § 1 (4).

The finding of facts by the District Court was not the subject of review by the Supreme Court. *Dordoni* v. *Hughes,* 83 *N. J. L.* 355. It seems to us, the necessary result of finding, that an application for a policy of life insurance contains a *willful untruth* as to whether the applicant had consumption was necessarily a finding that the policy was procured by fraud.

The Supreme Court thought there was no proof, that this misrepresentation was material, or that the company may have been aware of its falsity and issued the policy regardless of that fact. The fact that the company asks the question shows it is material, and it is common knowledge to assume that life insurance companies do not accept for life insurance tubercular persons.

It is said the most essential element of fraud is deceit. What could be the purpose of the insured making a statement, that was a *willful untruth* about his health, which he must have known was important and material, if it was not to deceive? Many definitions and illustrations of fraud, taken from adjudged cases, will be found collected in 3 *Words and Phrases* 2943. We agree with the District Court that a statement which is a willful untruth, as found by the District Court, in procuring the insurance policy renders it void, on the ground of fraud. This view results in a reversal of the judgment of the Supreme Court and an affirmance of the judgment of the District Court. It also renders unnecessary any further discussion of the points argued in the briefs of counsel.

The judgment of the Supreme Court is therefore reversed, with costs, and the judgment of the District Court affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, SWAYZE, TRENCHARD, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.