The complainant filed a bill in chancery to cancel two policies of life insurance by reason of fraud in the procurement thereof. The first policy was issued February 21st, 1933, and the second policy was actually issued December 24th, 1934. As to the first policy, the learned vice-chancellor who heard *Page 358 
the case dismissed the bill so far as it related to that policy for the reason that the action was not commenced in time. It was held in this court on appeal that the action was timely.Metropolitan Life Insurance Co. v. Lodzinski, 122 N.J. Eq. 404,
and we also affirmed the vice-chancellor in his conclusion that the second policy was procured by fraud, and was properly canceled. The court of chancery in the retrial of the action, so far as it related to the voidability of the first policy for fraud, struck the bill. It quite properly reviewed the facts and law in the following manner: "Complainant bases its claim for avoidance upon the answers made by the insured to certain questions in Part B (the medical part) of the application. These questions and answers were as follows: `7. (a) When last sick? (No answer.) (b) Nature of last sickness. (No answer.) (c) How long sick? (No answer.)' `9. Any physical or mental defect or infirmity? No.' `11. Have you had any surgical operation, serious illness or accident? If yes, give date, duration and name of ailment. No.' `16. Name and address of your usual medical attendant? None.' `17. Have you ever had any of the following complaints or diseases? * * * Disease of heart * * * Rheumatism * * *. No.' `18. Have you been attended by a physician during the last five years? If yes, give name of complaints, dates, how long sick, and names of physicians. No.' At the foot of the questions and answers was a certificate which was signed by the insured and which reads as follows: `I hereby certify that I have read the answers to the questions in Part A hereof and to the questions in Part B hereof, before signing, and that they have been correctly written, as given by me, and that they are full, true and complete, and that there are no exceptions to any such answers other than as stated herein.' * * * It is adequately proven by the evidence that in fact the applicant had suffered from rheumatism or rheumatic fever and a resultant heart affection about two years prior to the date of this application; that a Dr. Wegryn came to see her at least twice at that time; that the heart condition was serious and still existed at and after the date of the application in question; and that (in the *Page 359 
opinion of a competent, experienced and disinterested medical witness) the pulmonary tuberculosis (which was the cause of her death in January, 1935) had probably commenced a little prior to the date of the application. Obviously, then, the answers above mentioned were not true in fact. Admittedly they were material and the policy would not have been written by the complainant company if the actual true facts had been stated in the answers. On these grounds the complainant claims the right to a decree cancelling the policy and avoiding liability in respect thereof, except for the return of the premiums paid, and interest thereon.It is true — as has been established by a long line of decisions— such rescission may be had in equity upon proof of reliance onmaterial representations untrue in fact, without proof ofconscious or intentional fraud."
But the court erroneously dismissed the bill because the complainant had alleged that the representations were knowingly false and fraudulent in purpose. Conceivably the insured may not have known the names of her diseases, but she did know that she had been ill during the period in question, and she did not reveal that fact or the name of her physician when requested so to do by the examining physician of the insurance company. This, we think, evidence of conscious fraud, but even if the complainant had not established its case within the four corners of the allegations of its bill; nevertheless, having filed a bill under which it was entitled to some relief, the bill should have been retained and the appropriate relief granted, i.e., cancellation of the policy upon the return of premiums paid with interest.
The decree, therefore, is reversed to the end that the court of chancery enter a decree cancelling the policy for fraud in the procurement thereof upon repayment by the complainant of the premiums paid with interest.
For affirmance — RAFFERTY, 1. J.
For reversal — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, WALKER, JJ. 14. *Page 360