METROPOLITAN LIFE INSURANCE COMPANY, a body corporate, complainant-respondent,

*v.*

WALTER M. TARNOWSKI, defendant-appellant.

[Argued February 10th, 1941.   Decided May 29th, 1941.]

*Mr. David I. Stepacoff,* for the appellant.

*Mr. Clifford I. Voorhees,* for the respondent.

The opinion of the court was delivered by

HEHER, J.

The question here is whether Chancery is invested with jurisdiction to restrain the enforcement of a judgment at law "for equitable fraud" under these circumstances: Tarnowski, the defendant herein, sued the complainant insurer at law on a policy of insurance issued upon the life of his deceased mother, payable to him as beneficiary. The insurer answered setting up "fraudulent" misrepresentations, suppression and concealment by the insured of certain facts material to the risk respecting illnesses and the nature thereof, attendance by physicians, medical treatment, hospitalization, condition of health, and so on. There was also a counter-claim for a declaratory judgment cancelling the policy under *R. S. 1937, 2:26-66 et seq.* There was a verdict for Tarnowski; and judgment was entered thereon. Defendant's motion for a declaratory judgment was denied. Concededly, the issue submitted to the jury was whether the insured had, in the matters thus pleaded, practiced moral or conscious fraud, and the verdict exonerated her of such intentional misrepresentation or concealment. After the judgment, the insurer interposed this bill of complaint, averring that the insured in the particulars mentioned made "material representations untrue in fact, and upon which complainant relied when it issued said contract or policy of insurance," and its rescission of the contract upon that ground; that said policy "was procured

through misrepresentations in fact, but complainant was unable to establish or prove legal or conscious fraud in" the action at law; and praying for a decree voiding the policy and restraining the collection of the judgment at law. Such a decree was entered upon the final hearing; and the insistence is that it is erroneous for these reasons: (1) the judgment at law is *res judicata* of the issue; (2) laches; (3) there was a conclusive election of remedies; and (4) the proofs do not establish fraud, legal or equitable. We find them to be untenable.

*First:* The evidence establishes misrepresentations in several matters material to the risk; and we concur in the conclusion of the learned Vice-Chancellor in this respect. The insured was a native of Poland, and had but a very limited use of the English language, so much so that an interpreter was required when she made answer to the queries contained in the application for the policy; and it may very well be that the jury concluded that under all the circumstances the burden of proof of conscious fraud had not been sustained.

*Second:* Whatever the rule be in other jurisdictions, it is embedded in our jurisprudence that, while a mere misrepresentation devoid of intent to deceive will not sustain an action in deceit at law, in equity "an untruthful representation of a material fact, though there be no moral delinquency, is deemed to be fraudulent." *Commercial Casualty Insurance Co.* v. *Southern Surety Co., 100 N. J. Eq. 92; affirmed, 101 N. J. Eq. 738.* "There is this distinction between the rule of equity and the rule of law: At law, moral fraud must be shown to have been present in the misrepresentation (*Cowley* v. *Smyth, 17 Vr. 382*); in equity the complainant may succeed, although the misrepresentation was innocent (*Arkwright* v. *Newbold, 17 Ch. Div. 320; Redgrave* v. *Hurd, 20 Ch. Div. 1*)." *Eibel* v. *Von Fell, 55 N. J. Eq. 670.* See, also, *Straus* v. *Norris, 77 N. J. Eq. 33; Schoenfeld* v. *Winter, 76 N. J. Eq. 511; Travelers Insurance Co.* v. *Evslin, 101 N. J. Eq. 527; Prudential Insurance Co.* v. *Merritt-Chapman & Scott Corp., 111 N. J. Eq. 166; Aetna Life Insurance Co.* v. *Sussman, 111 N. J. Eq. 358; Metropolitan Life Insurance Co.* v. *Lodzinski, 124 N. J. Eq. 357; Metropolitan Life Insur-*

*ance Co.* v. *Stern, 124 N. J. Eq. 391; Wilcox* v. *Iowa Wesleyan University, 32 Ia. 367; Lamare* v. *Dixon, L. R. 6 H.·L. 428; Coverdale* v. *Eastwood, 15 Eq. 121.*

And it is a corollary of the foregoing that Chancery may, for merely equitable fraud, restrain the enforcement of a judgment at law, even though legal fraud in respect of the same matter has been unsuccessfully pleaded in the action at law. This is likewise the settled rule. *Palisade Gardens, Inc.,* v. *Grosch, 121 N. J. Eq. 240; Stambovsky* v. *Cohen, 124 N. J. Eq. 290; Red Oaks, Inc.,* v. *Dorez, Inc., 120 N. J. Eq. 282; Commercial National Trust and Savings Bank* v. *Hamilton, 99 N. J. Eq. 492; affirmed, 101 N. J. Eq. 249; Gallagher* v. *Lembeck & Betz Eagle Brewing Co., 86 N. J. Eq. 188; McMichael* v. *Barefoot, 85 N. J. Eq. 139; Stein* v. *Cuff, 76 N. J. Eq. 277; Headley* v. *Leavitt, 65 N. J. Eq. 748; Hannon* v. *Maxwell, 31 N. J. Eq. 318; Simon* v. *Townsend, 27 N. J. Eq. 302. Vide Pom. Eq. Jur. (2d ed.) § 1362 et seq., 2059 el seq; Story Eq. Jur. (14th ed.) § 2043.* It is a well established practice of equity to entertain the bill for relief on equitable grounds, but to stay further proceedings thereon pending the outcome of the action at law. *Metropolitan Life Insurance Co.* v. *Stern, supra.*

In the circumstances, the judgment at law is not *res judicata* of the issue raised in equity. And the relief is not barred by laches, for the elements of laches are not present here. Delay, without more, is not so categorized. Nor does the interposition of a strictly legal defense in the action at law constitute an election of one of two or more inconsistent remedies. *Levy* v. *Massachusetts Accident Co., 127 N. J. Eq. 49.*

Plainly, the insurer was not entitled to relief under the Declaratory Judgments Act in the action at law based upon matters of purely equitable cognizance.

It is to be observed that the instant case is not classable as one where the fraud is fully cognizable both at law and in equity upon the hypothesis that the representations, if false, must of necessity have been false to the knowledge of the insured, and deceit conclusively appears. *Shapiro* v. *Metropolitan Life Insurance Co., 114 N. J. Eq. 373; Anders* v.

*Supreme Lodge, Knights of Honor, 51 N. J. Law 175; Clayton* v. *General Accident, &c., Assurance Corp., 104 N. J. Law 364; Metropolitan Life Insurance Co.* v. *McTague, 49 N. J. Law 587.* There were misrepresentations here which do not take that classification; and there is therefore no occasion to consider the question thus arising. *Vide McMichael* v. *Barefoot, supra; Borcherling* v. *Ruckelshaus, 49 N. J. Eq. 340.*

Decree affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, HAGUE, THOMPSON, JJ. 12.

*For reversal*—DONGES, PERSKIE, JJ. 2.