BESSIE LANCE, ADMINISTRATRIX OF THE ESTATE OF GEORGE LANCE, DECEASED, AND BESSIE LANCE, INDIVIDUALLY, PLAINTIFFS, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION, AND METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION, DEFENDANTS.

Decided July 31, 1941.

For the plaintiff, *Frank C. Scerbo.*

For the defendant The Prudential Insurance Company of America, *Lindabury, Depue & Faulks.*

For the defendant Metropolitan Life Insurance Company, *McCarter, English & Egner* (*Augustus C. Studer, Jr.*).

HOLLAND, C. P. J.   Subsequent to the commencement of the suit as above entitled, a discontinuance was entered in behalf of one of the defendants, the Prudential Insurance Company of America.   The action now concerns two industrial policies written by the remaining defendant, Metropolitan Life Insurance Company, on the life of the decedent, George Lance, the first issued November 15th, 1937, and the second issued April 18th, 1938.   George Lance, the insured, died August 10th, 1938.   This suit was instituted August 19th, 1939.   By stipulation, the case was tried without a jury.

The plaintiff contended that the policies were incontestable by virtue of the "incontestability clause."   This the defendant denied, and defended on the ground of breach of conditions of the policies; each policy provided, among other things, that, subject to the clause entitled incontestability, the policy was voidable by the Company if, within two years prior to

the date of the issue the insured had been attended by a physician, unless it was not for a serious disease.

It was proved without contradiction that Dr. A. P. King had treated the decedent, George Lance, for cancer and jaundice, two concededly serious diseases, in April and May, 1937, within the two year period prior to the date of each policy. In open court it was admitted that the company had declared the policies void, that it had made a tender of a return of the premiums and that this had been refused. Whereupon the plaintiff moved for a directed verdict and thereupon the defendant moved for a judgment in its favor.

Each policy provides as follows:

*Incontestability*

"This Policy shall be incontestable after it has been in force, during the lifetime of the Insured, for one year from its date of issue, except for nonpayment of premiums."

This is in conformity with the language of the statute (formerly *Pamph. L.* 1925, *ch.* 179), now entitled *R. S.* 17:34-15(c); *N. J. S. A.* 17:34-15(c)).

The plaintiff asserted that the only effective meaning which could be ascribed to this incontestability clause was that if the policy remained in force for one year from its date of issue without being overthrown or declared void by the defendant in some court action, proceeding or suit within that time of one year, that the defendant was thereby debarred from offering any defense, and thus the right to recover was absolute; and also argued that this right was not adversely affected either by the death of the insured within the one year period or by the inclusion in the incontestability clause of the phrase "during the lifetime of the insured." This view was strongly resisted by the defendant.

The turning point at which the policies cease being contestable and become incontestable was never reached. This turning point would be one year from the date of issue during the lifetime of the insured. The insured did not live for one year after the date of the issue of either policy. He died August 10th, 1938, a little less than nine months after November 15th, 1937, the date of issue of the first policy; and a little less than four months after April 18th, 1938, the date of issue of the second policy. Thus the policies remained

contestable, and the defendant is entitled to assert its defense of breach of conditions.

The incontestability clause in these policies fixes the limitations of contestability as one year from the date of issue *during the lifetime of the insured.* This language has a normal and purposeful meaning; under this wording, the insured must live for at least one year after the policy is issued before it can mature into incontestability; if the insured dies before the end of that year has been reached, the policy remains contestable and never becomes incontestable against a valid defense. This type of clause (limited to a period during the lifetime of the insured) has an entirely different significance from that earlier type of incontestability clause in which the limitation of contestability is fixed by a definite period of time from the date of issue of the policy but without the requirement that such period of time must elapse during the lifetime of the insured; in this earlier type of incontestability clause, it makes no difference, generally speaking, when the insured dies, the criterions being the time when the contest is interposed and what constitutes a contest.

*McAuliffe* v. *Metropolitan Life Insurance Co.,* 93 *N. J. L.* 189; 107 *Atl. Rep.* 258; *Pisker* v. *Metropolitan Life Insurance Co.,* 115 *N. J. L.* 582; 181 *Atl. Rep.* 31; *Orisini* v. *Metropolitan Life Insurance Co.,* 9 *N. J. Mis. R.* 407; 154 *Atl. Rep.* 201; *Madama* v. *Metropolitan Life Insurance Co.,* 15 *N. J. Mis. R.* 545; 192 *Atl. Rep.* 830; *Winter* v. *Metropolitan Life Insurance Co.,* 123 *N. J. L.* 568, are all cases which uphold the right of the defendant to interpose, under circumstances similar to those in this case, the defense asserted here consisting of a breach, a declaration that the policy is void, and a tender of a return of the premiums.

The plaintiff urges the case of *New York Life Insurance Co.* v. *Steinman,* 103 *N. J. Eq.* 403; 143 *Atl. Rep.* 529, as controlling, but that case is concerned with the earlier type of clause (which did not necessitate a specified period of time to elapse during the lifetime of the insured) and consequently is not here applicable.

Also the case of *Metropolitan Life Insurance Co.* v. *Magdalena Lodzinski,* 121 *N. J. Eq.* 183; 188 *Atl. Rep.* 681, which

deals with a similar earlier type clause (which did not require the insured to remain alive during the stated period);

Also the case of *Foster* v. *Washington National Insurance Co.*, 118 *N. J. L.* 228; 192 *Atl. Rep.* 59, in that case the incontestability clause contained not only a *"during the lifetime of the insured"* phrase, but in addition thereto it also contained two conditions broader than the statutory prescription, *i. e.*, that the policy should be incontestable if it had been in force during the lifetime of the insured, for a period of two years from the date of issue except for nonpayment of premiums, *fraud or misstatement of age;* the policy in that case was issued November 14th, 1932, the insured died on August 5th, 1935, and Mr. Justice Heher, for the Supreme Court of New Jersey, held that the Company had no legal justification for diluting the incontestability clause by adding such conditions as *fraud and misstatement of age,* neither of which were authorized by the statute. With these two unwarranted conditions eliminated, the incontestability clause obviously had matured for two years during the lifetime of the insured; and thus the policy had become incontestable, and accordingly a judgment for the plaintiff was decreed. That case does not turn on the meaning and intent of the lawfully included phrase *"during the lifetime of the insured,"* as is contended by the plaintiff, but upon the added phrase *"fraud or misstatement of age,"* conditions which are not permitted by law.

While there is no decision directly in point in our New Jersey courts, many cases in other jurisdictions recognize and construe the meaning of the phrase "during the lifetime of the insured" and give it an ordinary and easily understood meaning within the intent and purpose of the legislative edict. *Sun Life* v. *Allen (Mich.)*, 259 *N. W. Rep.* 281; *Carpentieri* v. *Metropolitan (Pa.)*, 10 *Atl. Rep.* (*2d*) 37; *Palmer* v. *John Hancock*, 265 *N. Y. S.* 796.

I hold in this case that the insured was required to survive the specified period of time, one year, before the policies could become incontestable. Since the insured did not survive, the policies are contestable and subject to the defense offered. The defense was valid and effective.

A verdict of no cause in favor of the defendant is rendered.