The complainant issued a policy of insurance for $1,000 (Exhibit C-1) on the life of S. Joseph Alvarez, the defendant's husband, on a written application signed by him on September 19th and September 30th in the year 1938 (Exhibit C-2). The insured died July 3d 1940, from a malignant hypertension renal involvement (Exhibit C-3).
The complainant seeks to rescind the policy and to restrain an action at law thereon, alleging that it was issued through false statements in the insured's application. Its claim for relief is based on equitable fraud. Prudential Insurance *Page 66 Company of America v. Cafiero, 126 N.J. Eq. 33; 7 Atl. Rep.
2d 882; Metropolitan Life Insurance Co. v. Babb, 128 N.J. Eq. 391; 16 Atl. Rep. 2d 548.
In his application the insured denied medical history or consultation with physicians over or during the period indicated therein. The evidence shows the falsity thereof.
In January, 1940, the insured was a patient in the Jersey City Medical Center. He was then and there questioned and examined by Dr. William A. Lee, who obtained from him a medical history. He told the doctor that for two years previously he had had severe headaches; and that in the summer of 1938 he had swollen ankles while on a vacation at the seashore, for which he sought medical aid or advice (Exhibit C-4). Dr. Street testified that the insured had consulted him in August, 1938, complaining of pains in his joints and of swollen ankles. Dr. Street diagnosed his ailment as a mild rheumatic condition.
The defendant testified that the insured in the summer of 1938, while on vacation at the seashore, consulted Dr. Feeman of Keansburg for an infected toe; and that upon his return home from his vacation he visited Dr. Street for treatment for the infected toe and for swollen ankles.
In his application the insured stated in answer to question 17, which called for the name and address of his usual medical attendant, that he had "none." There is evidence that in 1934 the insured had severe headaches for which he consulted a local physician and received treatment (Exhibit C-5); and when he was of the age of fifteen years he had a tonsillectomy operation. He also had an attack of pleurisy when he was the approximate age of twenty-seven years (Exhibit C-4). He was born in the year 1902.
Although there is no casual relationship between the insured's misrepresentations and the cause of his death, the detachment will not affect the complainant's right to relief. InMetropolitan Life Insurance Co. v. Coddington, 131 N.J. Eq. 430; 26 Atl. Rep. 2d 41, Vice-Chancellor Lewis said that "it is now well settled that the mere absence of a casual relationship between the insured's misrepresentations as to a material fact and the cause of his death will not defeat the *Page 67 
insurer's right to a rescission or cancellation of its policy of life insurance obtained as a result of said misrepresentation."
The defendant's contention is that there are no misrepresentations in the policy; that the insured did not know or believe that his answers were false, and therefore the complaint should be dismissed.
It is clear that the insured in his application made representations that were untrue; and, concededly, he may have had no thought or intention to deceive thereby. His misstatements nevertheless constitute equitable fraud, which is a complete defense to the beneficiary's right to recover against the insurer. Prudential Insurance Co. v. Cafiero, supra; Ettelson
v. Metropolitan Life Insurance Co., 42 F. Supp. 488;Metropolitan Life Insurance Co. v. Tarnowski, 130 N.J. Eq. 1;20 Atl. Rep. 2d 421.
In the last cited case the Court of Errors and Appeals held:
"Whatever the rule be in other jurisdictions, it is embedded in our jurisprudence that, while a mere misrepresentation devoid of intent to deceive will not sustain an action in deceit at law, in equity `an untruthful representation of a material fact, though there be no moral delinquency, is deemed to be fraudulent.'Commercial Casualty Insurance Co. v. Southern Surety Co.,100 N.J. Eq. 92; affirmed, 101 N.J. Eq. 738. `There is this distinction between the rule of equity and the rule of law: At law, moral fraud must be shown to have been present in the misrepresentation (Cowley v. Smyth, 17 Vr. 382); in equity the complainant may succeed, although the misrepresentation was innocent (Arkwright v. Newbold, 17 Ch. Div. 320; Redgrave v.Hurd, 20 Ch. Div. 1).' Eibel v. Von Fell, 55 N.J. Eq. 670.
See, also, Straus v. Norris, 77 N.J. Eq. 33; Schoenfeld v.Winter, 76 N.J. Eq. 511; Travelers Insurance Co. v. Evslin,101 N.J. Eq. 527; Prudential Insurance Co. v. Merritt-Chapman Scott Corp., 111 N.J. Eq. 166; Aetna Life Insurance Co. v.Sussman, 111 N.J. Eq. 358; Metropolitan Life Insurance Co. v.Lodzinski, 124 N.J. Eq. 357; Metropolitan Life Insurance Co. v.Stern, 124 N.J. Eq. 391; Wilcox v. Iowa Wesleyan University,32 Ia. 367; Lamare v. Dixon, L.R. 6 M.L. 428; Coverdale v.Eastwood, 15 N.J. Eq. 121." *Page 68 
This court in a long line of cases has held that an applicant for insurance is, in the absence of fraud practiced upon him, conclusively presumed to have read the application which he signs and is thereby bound by it. Equitable Assurance Society v.Gutowski, 119 N.J. Eq. 181; 181 Atl. Rep. 636; Pacific MutualLife Insurance Co. v. Rosenthal, 122 N.J. Eq. 155;192 Atl. Rep. 742; Metropolitan Life Insurance Co. v. Coddington,supra.
A copy of the insured's application was annexed to the policy issued, and was made a part thereof. The insured accepted the policy with the annexed application containing the misrepresentations; in doing so, he adopted and ratified the misstatements contained therein and they are binding upon him and his beneficiary. Locker v. Metropolitan Life Insurance Co.,107 N.J. Law 257; 151 Atl. Rep. 627; Crescent Ring Co. v.Travelers' Indemnity Co., 102 N.J. Law 85; 132 Atl. Rep. 106;Dewees v. Manhattan Insurance Co., 35 N.J. Law 366; PacificMutual Life Insurance Co. v. Rosenthal, supra.
Unquestionably the false answers given by the insured in response to the company's questions as to his past medical history are material to the risk. They, in my opinion, furnish a sufficient basis for the cancellation of the policy. Urback v.Metropolitan Life Insurance Co., 127 N.J. Law 585; 23 Atl. Rep.
2d 568; DeVinney v. Prudential Insurance Co.,128 N.J. Law 270; 25 Atl. Rep. 2d 254; Duff v. Prudential InsuranceCo., 90 N.J. Law 646; 101 Atl. Rep. 371.
The complainant will be granted the relief prayed for. *Page 69