The bill is filed to rescind on the ground of misrepresentation a policy of insurance issued on the life of Sam Kaiser. In his application dated November 25th, 1941, he gave himself a clean bill of health. Nine months later, he died. Complainant has proved that in June and July of 1938, one Sam Kaiser was examined by Dr. Maurice Asher and found to have diabetes. The patient was put on a diet and insulin was prescribed. *Page 96 
In 1940 and 1941, Kaiser consulted and was treated by Dr. Manfred Kraemer, about once a month, in all fifteen to eighteen times. The doctor confirmed the previous diagnosis of diabetes and also found a duodenal ulcer. He told Kaiser that he would have to stay permanently under medical care.
The policy was obtained by misrepresentation if, in fact, the Kaiser who was treated by Dr. Asher and Dr. Kraemer, was the same one who procured the insurance. Kaiser, the patient, gave his name, age, residence and occupation, which were the same as those of Kaiser, the insured. This is enough to show that the man who was suffering from diabetes was the one who applied for insurance.
The defendant also argues that the bill should be dismissed because the proofs show intentional fraud which is a defense at law to the action on the policy. While equity will not ordinarily assume jurisdiction in fraud cases where the remedy at law is certain, adequate and complete, its right to do so is unquestioned. Equity will not act unless the administration of justice will thereby be facilitated. The exercise of the jurisdiction rests in the sound discretion of the court and depends upon the special circumstances of the individual case.Pridmore v. Steneck, 120 N.J. Eq. 567; 122 N.J. Eq. 35; Lewis
v. Morgan, 132 N.J. Eq. 343. Bills to cancel insurance policies for fraud have been upheld in a long line of cases. CommonwealthCasualty Co. v. Southern Surety Co., 100 N.J. Eq. 92; 101 N.J. Eq. 738; New York Life Insurance Co. v. Steinman, 103 N.J. Eq. 403; Prudential Insurance Co. v. Merritt Chapman, c.,111 N.J. Eq. 166; Aetna Life Insurance Co. v. Sussman, 111 N.J. Eq. 358; United Life and Accident Insurance Co. v. Winnick,113 N.J. Eq. 288; Metropolitan Life Insurance Co. v. Lodzinski,124 N.J. Eq. 357; Metropolitan Life Insurance Co. v. Babb, 128 N.J. Eq. 391; Metropolitan Life Insurance Co. v. Tarnowski, 130 N.J. Eq. 1; Metropolitan Life Insurance Co. v. Alvarez, 133 N.J. Eq. 65.
An insurance company, when sued on the policy at law, and when it can prove false representations, is confronted with a dilemma. It may or may not be able, by a preponderance *Page 97 
of the evidence, to establish intent to defraud. If it is unable to do so, it will be defeated in the law action. If the court finds that there was deceit (and if we adopt defendant's theory) relief in equity will be denied. Such a rule is not one which advances justice. Chancery undoubtedly may cancel a policy which is based on actual fraud, as well as where it is founded on an innocent misrepresentation. By the law of New Jersey, applied to the facts which I have found in this suit, the insurance company is not liable on the policy. Since the case has been tried, the court should proceed to judgment on the merits, and not require the parties to retry the controversy in the law court. There will be a decree for complainant.