130 N.J. Super. 558 (1974)
328 A.2d 20
EDWARD J. DOWNS, PLAINTIFF,
v.
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 4, 1974.
*560 Mr. Leonard Meyerson for plaintiff (Messrs. Miller, Hochman, Meyerson & Miller, attorneys).
Mr. Edward J. Russo for defendant (Messrs. Nugent, Russo & Tumulty, attorneys).
THURING, J.S.C.
Plaintiff seeks summary judgment on the ground that the incontestability provisions of a life insurance policy issued to his deceased wife became operative, barring defenses asserted by defendant insurance company. Plaintiff's motion is directed to whether the counterclaim for rescission based upon equitable fraud states a claim upon which relief can be granted.
Sometime prior to July 1, 1960 The Prudential Insurance Company of America issued a noncontributory group policy to the Board of Trustees, Teachers' Pension and Annuity Fund, State of New Jersey. Following the death of his wife on March 1, 1970 plaintiff received from defendant the benefits payable under the policy in the amount of $20,011.50.
On July 1, 1960 a contributory group policy designated as GC-14300, which is the subject of this litigation, was issued as between the same parties. That policy was later amended *561 to provide that its members had the right to apply for additional insurance by making contributions and furnishing evidence of insurability satisfactory to the insurance company. On January 5, 1970 plaintiff's wife, a teacher, applied for and subsequently received approval for the additional insurance coverage.
The amendment provided:
1. The section `Insured Members' appearing on pages 3 and 4 of the policy is enlarged to include the following provision:
Each person who is a Member on January 1, 1970 but is not then insured under this Policy may become insured hereunder by (x) making request, within the Enrollment Period described below, to participate on a date on which he is actively at work and performing all his regular duties at his customary place of employment, (xx) agreeing to make the contributions required by the Policyholder therefor pursuant to the section `Contribution of Individual Members' and (xxx) furnishing evidence of insurability satisfactory to the Insurance Company.
The insurance under the aforesaid policy became effective July 1, 1970.
Following the insured's death the Division of Pensions referred the claim to defendant in view of the fact that the member, Tina A. Downs, died within two years from the date of the issuance of the policy. Plaintiff's request for payment of the insurance policy proceeds was officially refused by defendant on September 15, 1972 on the ground that the insured had failed to truthfully set forth her health status at the time she made application for insurance.
The complaint demanding the proceeds of the policy was filed on July 5, 1973, and answer and counterclaim were filed July 30, 1973 seeking rescission of the insurance contract for misrepresentation by the insured of material facts concerning her health and on the ground of mutual mistake.
Each insured did not receive a copy of the group policy but received a certificate evidencing coverage under the group policy. A group life policy and the certificate issued thereunder together constitute the contract between the parties, Metropolitan Life Ins. Co. v. Poliakoff, 123 N.J. *562 Eq. 524 (Ch. 1938) and "[o]rdinarily an insured holding a certificate of insurance is held to have constructive knowledge of the group insurance policy," Wells v. Wilbur Driver Co., 121 N.J. Super. 185, 197 (Law Div. 1972). The certificate itself was silent as to the incontestability clauses in question; thus, reference must be made to the group policy provisions and to N.J.S.A. 17:34-15(c) to reach a determination as to whether the incontestability clauses operate to bar defendant's right to assert its defenses.
The group policy contains a caption which reads "INCONTESTABILITY OF POLICY," followed by the words:
The validity of this Policy shall not be contested, except for non-payment of premiums, after it has been in force for one year from the date of issue.
Immediately underneath the aforesaid language appears another caption reading "THE CONTRACT," followed by language identical with that required by N.J.S.A. 17:34-32(2)-(3), repealed by L. 1971, c. 144, which reads:
All statements made by the Policyholder or by the Members insured under this Policy shall be deemed representations and not warranties, and no statement made by any Member insured hereunder shall be used in any contest of the insurance hereunder unless a copy of the instrument containing the statement is, or has been furnished, to such Member or to his Beneficiary. No Statement made by any Member insured under this Policy relating to his insurability shall be used in contesting the validity of the insurance under this Policy with respect to which such statement was made after such insurance has been in force prior to the contest for a period of two years during such Member's lifetime nor unless it is contained in a written instrument signed by him. [Emphasis supplied]
Plaintiff alleges that the one-year incontestability clause applies or, if it does not, that the two-year clause requires that a contest must be initiated by the insurer within a two-year period following issuance of the policy.
Defendant insurance company answers by stating that (a) the one-year incontestability clause applies solely to the initial agreement between it and the Board of Trustees, Teachers' *563 Pension and Annuity Fund, dated July 1, 1960; (b) under the incontestability clause of the statute and under the policy itself decedent's coverage remained contestable after the two-year period because the insured died within two years of the date of issuance of the policy, and (c) defendant is entitled to rescission because the policy was obtained through a misrepresentation of material facts and mutual mistake.
The court recognizes its obligations and responsibilities in considering a motion for summary judgment and is familiar with the ground rules set forth in Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954), and cases following thereafter. The law is that where a genuine issue as to a material fact exists, the court cannot decide the issue. Here defendant alleges misrepresentation of material facts by the deceased insured relative to insurability, which presents an issue of a material fact. However, for the purposes of this motion plaintiff is willing to concede that misrepresentation by the deceased insured did, in fact, occur. Accordingly, as a matter of law, the court can decide the issue of contestability.
A careful reading of the language contained in the group policy leads to the inescapable conclusion that the one-year incontestability clause refers solely to the one-year period following the effective date of the group policy, namely, from July 1, 1960 to June 30, 1961. That incontestability clause refers singularly and clearly to the agreement between the initial parties to the group policy and not to future individually covered insureds. The premiums referred to in that clause were paid by each insured to the Board of Trustees of the Teachers' Pension and Annuity Fund, who in turn made payment to defendant. The court's view with respect to the one-year incontestability clause is strengthened by the reading of the two-year incontestability clause in the group policy which unmistakably refers to each insured. It would be superfluous and lack reason to have a two-year *564 clause if, in fact, the one-year incontestability clause applied to each insured.
The two-year incontestability clause, now repealed by L. 1971, c. 144, uses language similar to that found in N.J.S.A. 17:34-15(c), which reads as follows:
That the policy shall constitute the entire contract between the parties and that after it has been in force during the lifetime of the insured a specified time not later than two years from its date, shall be incontestable, except for nonpayment of premiums and for violation of its express conditions * * * [Emphasis supplied]
The "law * * * treats the contract [of insurance] as embodying the [above] statutory clause, and resolves the apparent conflict in favor of the statute," and "the inconsistent provisions written in the policy yield to it," Foster v. Washington National Ins. Co., 118 N.J.L. 228, 231 (Sup. Ct. 1937), but where there is no conflict both clauses can be read together in aid of reaching a reasonable result.
It is clear that the contract requirement for the insured to submit evidence of insurability, i.e., the condition of the applicant's health at the time of application, would become an empty gesture if we were to accept plaintiff's contention that the one-year incontestability clause applies. The language of the two-year incontestability clause in the policy requires the intended insured to submit such evidence of insurability. This, together with the mandatory maximum two-year statutory period of incontestability satisfies the court that the two-year incontestability clause applies.
The next question the court must consider is whether the policy continued contestable by defendant, since the insured died before the expiration of a two-year period following the issuance of the insurance. Plaintiff contends that the contest under the policy was never initiated by defendant until defendant filed its answer and counterclaim seeking rescission past the two-year period. Defendant counters this argument by asserting that the incontestability clause in the contract of insurance made the limitation of contestability *565 contingent on the passage of two years from the date of issue during the lifetime of the insured. 18 Couch on Insurance (2 ed. 1968), § 72.48, reads as follows:
If an incontestable clause is conditioned so that it operates only after one year during the lifetime of the insured from the date of issue of the policy, incontestability never commences if the insured dies within the year. That is, the clause does not take effect unless the insured lives out the period of contestability.
Where the limitation period is 2 years from the date of issue, the death of the insured within the period will not stop the running of the time limitation, but where it is provided that the policy must be in force for a stated period during the lifetime of the insured, the death of the insured before the expiration of such period will have the effect of canceling the incontestable clause and will make the policy contestable at any time. * * *

* * * * * * * *
Where a life policy provided that "this policy shall be incontestable, except for default in payment of premium for more than thirty-one days, after it has been in force during the lifetime of the insured for 2 years from the date of issue hereof", to be incontestable the policy had to be in force for 2 years, and the insured had to live 2 years from the date of issue, and hence, where the insured died about 2 months after the issuance of the policy, the incontestable clause did not, after the lapse of 2 years, prevent the insurer from setting up defenses, in an action on the policy, of fraudulent and false material answers knowingly made by the insured in the application [at 69-70; emphasis supplied]
A New Jersey case directly construing the statutory incontestability language is Lance v. Prudential Ins. Co. of America, 19 N.J. Misc. 551, 22 A.2d 3 (C.P. 1941). In Lance two life policies were issued, one on November 15, 1937 and the other on April 18, 1938. The insured died on August 10, 1938 and suit was commenced against the insurer on August 19, 1939. Plaintiff posited its claim for payment on the ground that the incontestability clause barred the insurer's defense of misrepresentation by the insured. It was established at trial that the insured was treated for grave physical ailments prior to the issuance of the policies. The insurance company relied on the voidability of the policies for failure of the insured to live the requisite one *566 year after the insurance became effective. Each policy provided:
This Policy shall be incontestable after it has been in force, during the lifetime of the Insured, for one year from its date of issue, except for nonpayment of premiums.
The court found the aforesaid language in conformity with N.J.S.A. 17:34-15(c) and distinguished a line of cases wherein the contracts did not specify that a given period of time must elapse during the lifetime of the insured before the incontestability clause would bar a defense. The court held:
The incontestability clause in these policies fixes the limitations of contestability as one year from the date of issue during the lifetime of the insured. This language has a normal and purposeful meaning; under this wording, the insured must live for at least one year after the policy is issued before it can mature into incontestability; if the insured dies before the end of that year has been reached, the policy remains contestable and never becomes incontestable against a valid defense. This type of clause (limited to a period during the lifetime of the insured) has an entirely different significance from that earlier type of incontestability clause in which the limitation of contestability is fixed by a definite period of time from the date of issue of the policy but without the requirement that such period of time must elapse during the lifetime of the insured; in this earlier type of incontestability clause, it makes no difference, generally speaking, when the insured dies, the criterions being the time when the contest is interposed and what constitutes a contest [at 553]
Plaintiff's reliance upon Johnson v. Metropolitan Life Ins. Co., 53 N.J. 423 (1969), is without foundation. In Johnson the court undertook to construe a health and accident policy issued under authority of N.J.S.A. 17:38-13.2(A), a statute different from the one here in question. There the policy became effective December 13, 1961 and the insured became totally disabled on August 5, 1963, a time prior to the expiration of the two-year incontestability period. The court did undertake to construe the language of the incontestability provision. It excised a part of the language having to do with a time period of contestability on the ground *567 that the excised part resulted in a patent ambiguity when read with other provisions of the clause. The incontestability provision of the statute in Johnson was construed to mean that "after two years the policy may not be voided for a misstatement in the application unless the misstatement in the application is `fraudulent' * * *" (at 441). The court did not consider the holding in Lance, supra, nor did it construe the phrase "during the lifetime of the insured."
In Russ v. Metropolitan Life Ins. Co., 112 N.J. Super. 265 (Law Div. 1970), a beneficiary commenced suit to collect the proceeds of a life insurance policy. Defendant by counterclaim asserted the defense of equitable fraud, seeking rescission. The court did not squarely have the problem of incontestability before it since suit was instituted within the two-year incontestability period of the statute. The court did state in passing:
It is clear that this statute, by exclusion, provides that the ordinary life policy cannot be rescinded after two years for fraud in the application therefor, whether it be legal fraud or equitable fraud, and that no defense based upon fraud may be asserted to defeat a claim on the policy after the contestable period has expired. [at 274; emphasis supplied]
The issue here is whether the contestable period had expired. The court finds that it had not.
The identical incontestability language here in question was considered in Taylor v. American Heritage Life Ins. Co., 448 F.2d 1375 (4 Cir.1971), except that there the group policy contained the language in one paragraph over the caption "INCONTESTABILITY," whereas the present case uses two separately captioned paragraphs. In Taylor an action was brought by the beneficiary against the insurer to recover the proceeds of insurance written under a group policy. The court held that the two sentences in the incontestability clauses were not in conflict. The court held (at 1376) that the first sentence, "This policy shall be incontestable after two years from its date of issue except for *568 non-payment of premium," referred to the master policy agreement between the insurance company and the group representative of the insured, whereas the second sentence, also bearing on incontestability, referred to the obligation of the individual insured to live for a specific period of time after issuance of the certificate of insurance. The court concluded (at 1376) that the clear meaning of the language of the second sentence, "* * * after such insurance has been in force prior to the contest for a period of two years during such person's lifetime * * *," barred plaintiff from invoking the incontestability clause because, as here, the insured had not lived for a period of at least two years following the issuance of said certificate.
Giving the words "in force during the lifetime of the insured," as used in the statute, or the words "in force prior to the contest for a period of two years during such member's lifetime," as used in the insurance contract, their ordinary meaning, the court finds that there is a requirement that the insured survive the specified period of time, namely, two years if the policy is to become incontestable. Accordingly, since the insured did not survive the two-year period, the policy remained contestable.
The motion for summary judgment will be denied and the matter will proceed to trial on the issues of whether there was, in fact, equitable fraud (i.e., misrepresentation of material facts by the deceased insured) and whether mutual mistake, in fact, existed.